FORT WAYNE & BELLE ISLE RAILWAY CO. *v.* WAYNE CIRCUIT JUDGE.

NEW TRIAL—INADEQUACY OF VERDICT—DISCRETIONARY POWERS.
The trial court has discretionary power in a personal injury case to set aside the verdict rendered, and order a new trial, of its own motion, if it deems the award insufficient.

*Mandamus* by the Fort Wayne & Belle Isle Railway Company to compel Joseph W. Donovan, circuit judge of Wayne county, to vacate an order granting a new trial. Submitted April 21, 1896.   Denied July 21, 1896.

*Conely & Taylor*, for relator.

*Fred A. Baker*, for respondent.

Montgomery, J. One Emma L. Long brought an action against the relator for personal injury, and, on a trial before a jury, recovered a verdict of $800. The respondent, deeming this award insufficient, set aside the verdict, and ordered a new trial. The relator asks for a writ of *mandamus* directing that this order be set aside.

The counsel for relator concede that the court might, for an error of its own commission on the trial, order a new trial on its own motion, but contend that the court has no such control over verdicts of juries, and can only vacate such verdicts on application of one of the parties. We think the practice in this State has been otherwise, from its earliest history, and, although the exercise of this power has been very rare, there have been instances of it. That these instances must, of necessity, be infrequent, naturally results from the recognized impropriety of a trial judge interposing his own judgment, as against that of a jury, except in a clear case. But in such case the court possesses the power, at common law, to grant a new trial on its own motion; and in our opinion the power is not limited to cases where the error is that of the court, or where there is misconduct of the jury, as contended by relator's counsel, and as appears to have been held by the supreme court of Texas in *Lloyd* v. *Brinck*, 35 Tex. 1. As sustaining the broader power, as a common-law power, see 2 Thomp. Trials, § 2711, and cases cited,—particularly, *State* v. *Adams*, 84 Mo. 313.

Having determined that Judge Donovan had the power to set aside this verdict, it follows that his discretion must control his action, except in a case of clear abuse of such discretion, which we do not find in this case.

The writ will be denied.

Hooker and Moore, JJ., concurred. Long, C. J., did not sit. Grant, J., took no part.