# Schwarzschild & Sulzberger Company v. Louis Pfaelzer.

## Gen. No. 13,032.

1. LETTERS—*when competent; when not.* A letter written by a party in relation to the subject-matter of a controversy is not admissible in evidence in his favor except to show notice or demand, and the fact that such a letter remains unanswered does not tend to show acquiescence on the part of the party receiving it to the statements contained therein. Where, however, a letter has been answered a different rule applies. If a letter has been answered and any part of the original letter is necessary or helpful to a full understanding of the answer thereto or useful in ascertaining or completing the sense of such answer, or can be held to impart to any of the language of such answer any meaning or signification different from the ordinary and obvious meaning of such language, then such part is admissible. If no part of the original letter is helpful or necessary to the understanding of the answer thereto, then the original letter is not within any exception to the general rule which precludes a party from supporting his case by giving evidence of his own sayings.

2. WITNESS—*oral evidence competent to show character of conviction shown as affecting credibility of.* Where the credibility of a witness has been attacked by verbally showing his conviction of a criminal offense, it is competent for him to show by parol the character of the charge upon which he was convicted.

3. INSTRUCTION—*upon credit to be given to testimony of single witness, held erroneous.* Where the plaintiff was the only witness in his own behalf and was contradicted by several other witnesses, an instruction as follows, is erroneous:

"The court instructs you that the testimony of one credible witness may be entitled to more weight than the testimony of many other witnesses if as to those other witnesses you have reason to believe, and do believe, from all the facts and circumstances in evidence, that such other witnesses have knowingly testified untruthfully as to any material matter in issue, and are not corroborated by other evidence which you believe to be credible, or by facts and circumstances appearing in evidence."

Assumpsit. Appeal from the Circuit Court of Cook County; the HON. MERRITT W. PINCKNEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded. Opinion filed April 12, 1907. Rehearing denied April 26, 1907.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $14,254.19, recovered by the plaintiff in an action of assumpsit for arrears of salary claimed to be due him from the defendant for the years 1900, 1901 and 1902, and for an alleged breach of a contract of employment of plaintiff by defendant for the year ending June 1, 1903.

Plaintiff was in the service of the defendant as a buyer of live stock during the years 1900, 1901 and 1902, and for some years prior to 1900. The controverted questions at the trial were first, whether the salary which defendant agreed to pay plaintiff for the years 1900, 1901, 1902 and up to June 1, 1903, was $15,000 per year, as plaintiff contended, or $12,000 per year, as defendant contended; second, whether the last contract of hiring was for the year ending May 31, 1903, at $15,000 per year, as plaintiff contended, or for the year ending December 31, 1902, at $12,000 per year, as defendant contended; and third, whether plaintiff was discharged in November, 1902, such discharge to take effect December 31, 1902, as plaintiff contended, or voluntarily quit the service of defendant at the close of the year 1902, as defendant contended. That the contract of hiring was verbal, and that plaintiff was paid at the rate of $12,000 per year for the years 1900, 1901 and 1902 is not disputed.

ASHCRAFT & ASHCRAFT, for appellant; E. M. ASHCRAFT, JR., of counsel.

MORAN, MAYER & MEYER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff offered in evidence the following letter of plaintiff to the president of the defendant company, and the answer thereto:

"Chicago, Jan. 8, 1903.

Ferdinand Sulzberger,
                President.

Dear Sir: Next June will be seventeen years since I commenced to work for you. That during all of that time I

.devoted my best energies to the welfare of your company my long service and your numerous letters now in my possession, expressing your appreciation, are sufficient proof, and therefore my. assertion of that fact will, I hope, not sound to you as self praise.

"The only object I have in calling your attention to this is the hope that although at your command I no longer represent you, that in the future our mutual feelings towards each other shall remain as friendly as they have been in the past, and that you will accord me as just treatment as you have received in the past from me and no doubt will expect from me in the future.

"At the end of my year's service in 1900, I notified you I could not work for you any longer unless I received $15,000 a year. To that demand on my part there was no objection on yours, and when at the expiration of the next year, namely, 1901, I asked you (on the sidewalk) for the $3,000 extra then due me, as well as for your assurance for the future, you did assure me that I would receive such amount and gave me your hand as a sign the bargain was closed. I think I can come close to recalling your words. You said: 'We will pay you the amount you ask. Here is my hand on it. Is that satisfactory to you?' I answered 'Yes.' Then you said, 'You don't have to have it to-day, do you?' And I replied, 'No, any time will do me.' I kept on receiving my salary at the rate of $12,000 as before, expecting you would pay me the difference in a lump sum, but when I did not receive it in November last, I made up my mind to demand settlement of you, and when I did so demand it, instead of offering to pay without denying your obligations, you pulled an anonymous letter out of your pocket and read me some ridiculous accusations, which you know and must have known were false, and you did not know who made those accusations. That is hardly a way to pay a promise of $3,000 a year extra, nor can I conceive for one moment that you intended the reading of that letter to me as such payment. Had you not made me the promise you could have saved yourself the trouble of receiving or reading to me an anonymous letter for the purpose of having an excuse to dispense with my services, for I would have voluntarily left your employ right then and there.

"There is now due me from your company, $3,000 a year

from June, 1900. I have always had absolute faith on your promises, so much so, that your statement would have been good to me for any amount and for any proposition.

"I also desire to call your attention to the fact that my contract with your company does not expire until June 1st, and you have no right to dispense with my services before that time, unless you are willing to keep on paying my salary, and I intend to and do hold myself ready, subject to your orders as before, and you will please consider this an offer on my part to serve you until the end of the year in the same way as I have served you, and I will expect my compensation from you monthly. If, however, you are ready to adjust the amount due me for past services, then I am ready to release you from any obligation to me for the rest of the year, and be willing to consider our obligations terminated as of January 1st.

"I would not write you as I do were it not for the fact that I reminded you in November of your promise to me by demanding the money from you, that you not only did not see fit to give me an answer, but you have not sent me check for the amount, although you have voluntarily severed our business connections. Ordinarily I would have to construe that as an intention on your part not to recognize your obligation and to break your promise to me, but I cannot believe it possible, after the many years of friendly intercourse and faithful service on my part, that you would wilfully break your word to me and cause me to seek my rights in the courts."

"January 19, 1903.

Dear Sir: Your letter of the 8th inst. has been received, and as to your wish expressed therein that we shall remain friendly, is quite agreeable to me. I note your demand for back salary, and am more than surprised at same, as the salary you were entitled to was paid you monthly, and the last check mailed you on January 2d, 1903, closed up the account for anything due you. Yours truly,

F. SULZBERGER,
President."

to which defendant objected, upon the ground that the letter of the plaintiff could only be offered in connection with the

answer thereto, and taking the letter and answer, they amount to a statement of one party denied by the other.

Plaintiff also offered in evidence the following letter of plaintiff's attorneys to the defendant, and the answer of defendant thereto:

"Chicago, January 24, 1903.
Schwarzschild & Sulzberger Co.,
        New York.

Gentlemen: Mr. Louis Pfaelzer has consulted us with reference to his claim against you for back salary due to him and to become due to him hereafter. You were clearly advised of Pfaelzer's position by his letter of the 8th inst. to Mr. Sulzberger. The only reply Pfaelzer has received to that letter is your favor of the 19th inst. Your president and vice-president are fully acquainted with the facts, and it seems strange you should make no reply to the demands made by Mr. Pfaelzer. Mr. Pfaelzer is and always has been ready and willing to perform his part of the contract and services which he agreed to perform until June 1, 1903, the date of the expiration of his employment.

"Notwithstanding your president was informed in November, 1902, that the money due Pfaelzer was wanted by him, no reply to that demand was made except by letter written by the president upon his return to New York. In that letter it was claimed one of the officers of your company had requested Pfaelzer to desist from doing one or two things, and by reason of the fact it had come to the knowledge of the president this was talked about in the yards, you could not do otherwise than accept the resignation of Pfaelzer.

"Shortly after receipt of that letter by Mr. Pfaelzer, Mr. Joseph had a personal talk with Pfaelzer, that although he was the officer referred in your communication, he knew of no such occurrences as it was claimed came to your knowledge, and expressly stated to Pfaelzer there were no grounds of complaint of any kind as to the services which Pfaelzer had rendered your company. On account of this talk, Pfaelzer made no reply to that letter, but it was stated to Mr. Joseph, that no resignation had ever been offered by Pfaelzer, and you are aware that Pfaelzer did not at that time or at any time offer his resignation, directly or indi-

rectly.   If you think by writing letters in which you state you accept his resignation you can make evidence for yourself in any lawsuit you are mistaken.   You well know that under the terms of Pfaelzer's employment his period of service does not expire until the 1st of June, 1903, and that there is now due him $6,000 back salary for the two years ending June 1, 1902, and $1,750 for the balance of salary due to January 1, 1903.   There will become due $6,250 about June 1, 1903, under the terms of the contract.

"Mr. Pfaelzer has presented himself at your office to your manager for the purpose of performing such services as may be required of him.   Will you be kind enough to send us check for amount now due and inform us what services you wish Mr. Pfaelzer to perform during the remainder of the contract?

MORAN, MAYER & MEYER."

"January 29, 1903.

Moran, Mayer & Meyer,
        Chicago.

Dear Sirs:   We are in receipt of your favor of the 24th inst. referring to Mr. Pfaelzer.   In reply would say that we regret that Mr. Pfaelzer takes the stand that he does and we can only say again that we do not owe him one dollar and therefore have nothing to add to the letter that we have written him.

SCHWARZSCHILD & SULZBERGER CO.,
        S. Weil, Secretary."

to which defendant made the same objection that was made to the other letter.   The court overruled defendant's objections to said letters, admitted the same and defendant excepted.

The contention of appellant is that as the letter of January 19, in answer to the letter of January 8, contains no element of admission by the defendant, nor statement of fact prejudicial to defendant, the introduction of the letter of January 8 could serve no proper purpose and was not admissible upon any issue in the case.   Substantially the same contention is made as to the letter of plaintiff's attorneys of

January 24, and the answer thereto of January 29. The letters of defendant's president of January 19 and of defendant, by its secretary, of January 29, relate to the subject matter of the suit, and were therefore admissible when offered by the plaintiff. Whether the letter of plaintiff of January 8, to which the letter of January 19 was an answer, or the letter of plaintiff's attorneys of January 24, to which the letter of January 29 was an answer, were admissible when offered by the plaintiff, is a question not free from difficulty. In Chicago v. McKechney et al., 205 Ill., 372, 468, it was held that a letter written by a party is not admissible in evidence in his favor except to show notice or demand, and the fact that such a letter remains unanswered does not tend to show acquiescence on the part of the party receiving it. Under this rule the letter of plaintiff and that of his attorneys would have been inadmissible in favor of the plaintiff if they had not been answered. But both letters were answered and the answer to each refers in terms to the letter to which it was an answer. "Where the utterance first offered includes by reference a concurrent or prior utterance, the one thus referred to (no matter by whom made) becomes a part of it. Nevertheless, what is there incorporated may be only a portion of the prior utterance, i. e., the portion referred to; and thus that portion only should be put in which is useful as completing the sense of the later one." Wigmore's Evidence, section 2120.

In Young v. Bennett, 4 Scam., 43, it was held that where the answer of a defendant to a question by the witness or other person is sought to be introduced and such answer could not be understood or would be unintelligible without stating the question also, the question is admissible; but this rule does not include what the witness may have said in the conversation to the defendant, any further than his language may be necessary to understand what was said by the defendant. We perceive no just distinction between oral conversation and written correspondence in this respect. We think that the question whether the letter of the plaintiff of January 8, or that of his attorneys of January 24, was

admissible in favor of the plaintiff, turns upon the question whether such letter is helpful or necessary to the understanding of the answer thereto. If any part of either of said letters is necessary or helpful to the full understanding of the answer thereto, or useful in ascertaining or completing the sense of such answer, or can be held to impart to any of the language of such answer any meaning or signification different from the ordinary and obvious meaning of such language, then such part was admissible. If no part of either of said letters is helpful or necessary to the understanding of the answers thereto, then they are not within any exception to the general rule which precludes a party from supporting his cause by giving evidence of his own sayings. Applying this rule to the correspondence in question, in our opinion, no part of the letter of January 8, or or that of January 24, was admissible. The language of the answers to those letters is plain, and no reference to the letter to which either was an answer is required to understand the answer.

There is no element of admission in either answer; on the contrary the existence of any valid claim of plaintiff against defendant is expressly denied in each. The maxim, "Silence gives consent," is not applicable to an unanswered letter. Chicago v. McKechney, *supra,* p. 468, and cases there cited. We think that such maxim is not applicable to the answers which the defendant in this case wrote to the letters in which plaintiff asserted and set out in much detail, both of fact and argument, his claim against the defendant, and that the court erred in admitting over defendant's objections either the letter of January 8 or that of January 24.

Ferdinand Sulzberger, the president of the defendant, was called as a witness for defendant. Upon his cross-examination, in answers to questions by plaintiff's counsel, he testified that in 1867 or 1868 he was indicted and convicted for conspiracy to defraud the United States Government, was sentenced to ten days' imprisonment and to pay a fine of $5,000, and that he was pardoned by the president. On his redirect examination he was asked by his counsel what

23

was the character of the charge against him, and to this question the court sustained an objection by plaintiff. Defendant's counsel then offered to prove by the witness the character of the crime with which he was charged and the circumstances of it, for the purpose of allowing the jury to know the character of the offense; the plaintiff objected to the evidence so offered, upon the ground that the record was the best evidence, the court sustained the objection and defendant excepted.

In Gage v. Eddy, 167 Ill., 102, 108, the plaintiff offered to prove by oral evidence that a witness called by defendant had been convicted of forgery; the court excluded the evidence, upon the ground that such conviction could be proved only by the record, and it was held: that the court erred in excluding the evidence; that the fact of conviction under our statute could be proved as any fact, not of record, by any witness cognizant thereof. If the fact of conviction may be so proved, it would seem that the character of the charge upon which a witness was indicted and convicted might be shown by the testimony of any witness cognizant of the fact.

The court gave for the plaintiff this instruction:

"4. The court instructs you that the testimony of one credible witness may be entitled to more weight than the testimony of many other witnesses if, as to those other witnesses you have reason to believe, and do believe, from all the facts and circumstances in evidence, that such other witnesses have knowingly testified untruthfully as to any material matter in issue, and are not corroborated by other evidence which you believe to be credible, or by facts and circumstances appearing in evidence."

The plaintiff was the only witness in his behalf. His testimony tended to show that a verbal contract of hiring was made with him, for the defendant, by Sulzberger, its president, Joseph, its vice-president, and Weil, its secretary. The testimony of Sulzberger, Joseph and Weil was in direct conflict with the testimony of plaintiff.

Schwarzschild & Sulzberger Co. v. Pfaelzer. .

In Keller v. Hansen, 14 Ill. App., 640, the plaintiff's case rested upon his own testimony, partially corroborated by another witness. He was contradicted upon material facts by the testimony of the defendant and two witnesses. The court gave an instruction identical with the instruction in question, except that it omitted the hypothesis contained in this instruction that the many witnesses had testified falsely, "as to any material matter in issue," and for the giving of said instruction the judgment was reversed. The objections to the instruction are stated by Mr. Justice McAllister as follows (pp. 642–3): "It assumes that somebody was a witness in the case who was invested with all the characteristics of a credible witness, irrespective of what he may have testified to, his appearance as to honesty and ability, the consistency of his testimony with facts and circumstances testified to by other witnesses, or its conformity with experience. It assumes that the testimony of that one credible witness stands opposed by the testimony of many other witnesses. The circumstances of the trial show that the plaintiff below occupied just that position; that his testimony was in direct conflict with that of many other witnesses as to material points in the case that those many other witnesses were the defendant and the witnesses on his behalf. Now what could be more natural, under the circumstances, than for the jury to suppose that the court intended, by this instruction, to designate the plaintiff and characterize him as the one credible witness, and to designate the defendant and the witnesses on his behalf as the many others? The court below, therefore, instructed the jury as to the weight of evidence. There is no such rule of law as that embraced in the instruction.

"However the proposition might be as matter of fact, there being no such rule of law, the instruction should not have been given. Chittenden v. Evans, 41 Ill., 251; Otmer v. The People, 76 Ill., 149.

"The tests by which the direct testimony of witnesses should be weighed by the jury are given by one of the most philosophical of writers upon the law of evidence, as fol-

lows: 'The credit due the testimony of witnesses depends upon, first, their honesty; secondly, their ability; thirdly, their numbers, and the consistency of their testimony; fourthly, the conformity of their testimony with experience; and fifthly, the coincidence of their testimony with collateral circumstances.' 1 Starkie, 544. By the instruction in question these tests are all ignored, substantially, if not literally."

The objections to the instruction pointed out in the opinion in Keller v. Hansen apply with equal force to the instruction in question under the facts of this case.

We think the court erred in giving said instruction, and for that error, and the errors indicated in the rulings upon evidence, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*