JAMES O'BRIEN *vs.* BOSTON ELEVATED RAILWAY COMPANY.

TIMOTHY O'BRIEN *vs.* SAME.

Suffolk.   January 6, 1913. — April 1, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil*, Exceptions, Conduct of trial: illustrations in argument. *Attorney at Law*. *Witness*, Credibility: illustrations in argument to modify effect of record of conviction.

A deliberate statement made by an attorney at law at a trial, that he is satisfied that there is nothing in an exception noted at his request by the presiding judge, commonly must be taken to mean, in the absence of any qualifying reservation,

that the exception is waived, and under such circumstances, if the exception is disallowed by the judge, a commissioner is warranted in finding that the excepting party has not established its truth, although he further finds that the excepting party did not intend to waive it.

An attorney at law taking part in a trial will be presumed, unless the contrary is shown, to be acting in the performance of his duty to the court and in accordance with his oath of office, so that a statement by him, that he is satisfied that there is nothing in an exception which has been noted by the presiding judge at his request, properly may be understood to be a waiver of the exception.

Where a petition to establish the truth of exceptions is before this court upon the report of a commissioner, if the truth of one of the exceptions is established on the report, such exception will be considered and passed upon by this court, although the other portions of the petition are not established.

In an action, against a corporation operating a street railway, for personal injuries alleged to have been caused by the negligence of the conductor of a car of the defendant, where such conductor at the time of the trial is serving a sentence in the State Prison for an assault upon his wife with intent to kill and has been called by the defendant as a witness, and the plaintiff has introduced in evidence the record of his conviction to impeach his credibility as a witness, the counsel for the defendant in addressing the jury may argue that the crime, although of a serious character, might have been committed under such circumstances that it should not affect greatly the weight to be given to the testimony of the convict, and he has a right to illustrate this argument by putting hypothetical instances in which the moral turpitude involved in the commission of the crime might be minimized. And, although in such a case it is the duty of the presiding judge to restrain the counsel from saying anything from which it may be inferred that actual facts are being stated, yet the denial of the right of illustration by hypothesis is a material error for which an exception will be sustained.

RUGG, C. J.   This is a petition to establish the truth of exceptions alleged to have been taken by the Boston Elevated Railway Company in two actions against it by James O'Brien and Timothy O'Brien.   The petition was referred to a commissioner, whose report forms the basis of this judgment.

1. The regularity of a peremptory challenge to a juror was questioned.   Twelve jurymen had been called to take their seats in the usual way.   The plaintiffs challenged one, whose place was filled by calling another.   The clerk then asked the defendant to exercise its right of challenge, and the defendant challenged one juror, whose place likewise was filled by calling another.   Thereafter the plaintiffs were permitted to challenge another of the original twelve, against the objection and exception of the defendant, which urged that the plaintiffs had accepted the panel, and could challenge only the jurymen called to fill the place of the one previously challenged.   The evidence was conflicting as to what occurred afterwards respecting this exception, which had been

seasonably saved.   The certificate of the presiding judge * was:
"There had been no previous order by the court as to the manner
in which counsel should proceed as to challenges and no request
made by counsel for such previous order.   Subsequent to the de-
fendant's taking an exception, the defendant's counsel announced
to the court that he had read the case of *Commonwealth* v. *White,*
208 Mass. 202, and he was satisfied that the presiding justice
was right and that he [defendant's counsel] was wrong, so that
there was nothing in his exceptions.   The presiding justice under-
stood from that that his exception was waived."   The commis-
sioner found that upon all the evidence the petitioner failed to
sustain the burden of proof necessary to establish the truth of
the exception, although he further found that it did not intend to
waive the exception.

Under all these circumstances, the exception is not established.
A deliberate statement by an attorney that he is satisfied that
there is nothing in an exception saved by him commonly must be
taken to mean, in the absence of some qualifying reservation, that
the exception is waived.   This follows from the nature of his duty
to the court and the character of his oath of office.   It is not
necessary to determine whether the case at bar is distinguishable
in any material aspect from *Commonwealth* v. *White, supra.*

2.   The actions were for personal injuries and consequential
damages alleged to have been caused through the negligence of a
conductor in charge of a car of the defendant.   This conductor at
the time of the trial was serving a sentence in the State Prison,
having been convicted, subsequently to the accident, of assault
with intent to kill his wife.   This fact was disclosed in the
opening by the defendant's counsel.   The conductor was called as a
witness, and his conviction of the crime was shown for the
purpose of affecting his credibility.   The counsel for the defendant,
in his closing argument to the jury, stated in substance that,
although the crime appeared to be a serious one on its face, and
although the facts surrounding it could not be shown in evidence,
yet it might have been committed under circumstances which
would not much affect the weight to be given to the testimony of
the convict, or his character for truthfulness.   He then suggested
a supposititious case to illustrate this argument.   Upon objection

* *Dubuque,* J.

by counsel for the plaintiffs, the judge refused to allow him to proceed on that line of argument, and "ruled that no reference whatever to the conviction could be made by counsel for the defendant by way of contradiction or explanation of the case, except as to moral turpitude involved, or to say that the conviction of the witness was to be used by the jury simply as bearing upon his credibility." To this ruling exception was taken, and this exception is established on the report of the commissioner. It is to be considered, although the other portions of the petition are not established. *Clemens Electrical Manuf. Co.* v. *Walton,* 173 Mass. 286, 296.

The ruling of the trial judge means that the counsel was precluded from illuminating his argument by hypothetical instances in which the moral turpitude involved might be minimized. This was erroneous. The record of the conviction of any witness for the commission of any felony is admissible in evidence for the purpose of affecting his credibility. The weight of such evidence against the truthfulness of the witness may depend to an appreciable extent upon the degree of moral depravity involved in the crime itself. No evidence is competent to explain the circumstances of the particular crime. The guilt of the witness cannot be tried afresh, and the record of conviction must stand. This rule of law rests upon practical as well as technical considerations. *Lamoureux* v. *New York, New Haven, & Hartford Railroad,* 169 Mass. 338. But arguments of counsel concerning the weight which should be given to conviction of crime stand upon a different basis. It is permissible for them to magnify or palliate the moral degradation which as matter of sound judgment ought to be regarded as commonly accompanying the commission of the particular crime involved. Counsel may do this in any reasonable way. Drama, literature and history may be drawn upon for analogies. Facts within the knowledge of the advocate may be interwoven with fictitious inventions to point the argument. Illustrations wrought out of the fancy and enforced by imaginary occasions may be resorted to in the endeavor to show how far the veracity of a witness may be disconnected from other ethical qualities. Scrupulous care must be had not to suggest, directly or indirectly, anything from which it might be inferred that the facts of the particular case or of any case are being stated. Neither by too much protestation, innuendo, insinuation or any other device can it be

intimated to the jury that actual facts are being used. Any departure from propriety in this regard should be rigorously dealt with by the judge. But so long as the argument is confined to hypothesis and imagery, it is within the right of counsel. *Commonwealth* v. *Brownell,* 145 Mass. 319. *Commonwealth* v. *Maddocks,* 207 Mass. 152, 158. In principle, it makes no difference whether actual facts or purely fanciful representations are used, or whether the two are combined. They cannot be stated as facts, but they must be employed avowedly and alone as hypotheses or suppositional illustrations, and cannot be presented in any other guise. It is possible that an exception to this broad statement of the rule may arise in an extraordinary instance of great public interest so widespread as to be matter of common knowledge.

*Exceptions sustained.*

*C. Brewer,* for the defendant.
*R. H. Sherman,* for the plaintiffs.