THE BUNCOMBE METALLIC TELEPHONE COMPANY, Appellee, *vs.* WARREN MCGINNIS *et al.* Appellants.

*Opinion filed June 24, 1915.*

1. CORPORATIONS—*the law itself is the charter of a corporation.* Where a corporation is formed under the general law, the law itself, and not the declaration of incorporation or the constitution and by-laws adopted for the corporate government, becomes the charter of the corporation and the measure of its powers.

2. SAME—*telephone corporation has power of eminent domain.* Where a partnership owning a telephone line operated for the benefit and at the expense of the members, only, incorporates under the general law, the corporation so formed assumes all the duties of a corporation and is entitled to exercise all its powers, including the power of eminent domain.

3. EMINENT DOMAIN—*when an instruction authorizing nominal damages is not prejudicial.* In a proceeding to condemn a right of way for a telephone line along a public highway the fee of which is in a private owner, an instruction telling the jury that if they find, from the evidence, that the owner is damaged but from the evidence are unable to ascertain the amount of damages, then they should find as such damages a nominal sum, is not misleading, even though a witness for the petitioner has testified that the damage would amount to one dollar.

APPEAL from the County Court of McDonough county; the Hon. CHARLES I. IMES, Judge, presiding.

FLACK & LAWYER, for appellants.

MILLER & WALKER, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Buncombe Metallic Telephone Company, the appellee, instituted condemnation proceedings in the county court of McDonough county to condemn a right of way for its poles and telephone lines over the lands of Warren McGinnis, one of the appellants. The right of way sought to be condemned was along a highway the fee of which was owned by McGinnis subject to the easement of the public. Mattie McGinnis, the wife of Warren McGinnis, was joined as one of the defendants in the petition and is an appellant here.

But two questions are presented on this appeal, (1) the right of appellee to condemn, and (2) the proper measure of damages. Under the first point appellants contend that this property is not sought to be taken for a public use but that the use for which it is intended is private.

Appellee was incorporated under the laws of this State September 10, 1914. Prior to that time the incorporators owned a telephone line extending east from the village of Plymouth a distance of ten miles, which was what is commonly known as a country party-line. Each of the parties owning telephones on this line contributed a sufficient amount to defray the expenses of maintaining the line and conducting its necessary business. The line was not operated for profit. It had connections with a switch-board at a central station in Plymouth, and through this switchboard was connected with the various other country lines leading from that village, with the local telephone system in the village and with long-distance lines. The owners of this line determined to incorporate with a capital stock of $800, divided into twenty shares of $40 each. The capital stock was subscribed by eighteen of the owners of the line and the property of the co-partnership was turned in in lieu of cash payment for the stock. The object for which the company was formed, as stated in the statement for

incorporation, was for "telephone purposes, to legally establish our right on public and private property with poles, wire and necessary equipment." After the incorporation the business of the company was conducted as it had been theretofore conducted by the co-partnership. The same rules, regulations and by-laws were kept in force. It is contended that all these facts disclose that the incorporators did not propose to change the conduct of their business in any manner, and that the line was to be used, as in the past, exclusively by those who had owned an interest in the co-partnership, and that the sole purpose of the incorporation was to be enabled to condemn a right of way over the land of appellants. Prior to the incorporation Warren McGinnis had been served as one of the owners on this line, but for some reason he was disconnected from the line and this service was discontinued. He thereupon ordered the co-partnership to remove its poles from his land, hence the necessity for condemnation proceedings.

No deduction can be drawn from the facts enumerated that this company was incorporated for any other purpose than that contemplated by the statute. Having incorporated under the laws of this State the company at once became amenable to all the laws governing such corporations. Where a corporation is formed under the general law, the law itself, and not the declaration of incorporation or the constitution and by-laws adopted for the corporate government, becomes the charter and enumerates the powers which are to be exercised. (*Fritze* v. *Equitable Building and Loan Society,* 186 Ill. 183.) By thus incorporating, this company not only assumed all the duties incumbent upon such a corporation but also became entitled to exercise all the powers of such a corporation, which included the power to condemn land for right of way.

The only witnesses heard on the question of the value of the property taken were those produced by petitioner. Warren McGinnis was called as one of petitioner's wit-

nesses and testified that his land was worth $200 per acre. Other witnesses placed the value of the land at from $150 to $155 per acre. These valuations were all placed upon the land without regard to the public easement. It was also shown that appellee intended to set six poles in the highway over appellants' land and that these poles would carry a four-foot cross-arm to support the wires of appellee. One witness testified that the actual damage to the land taken would be the sum of one dollar. Others declined to give any opinion as to the damages for the land taken, and still others testified there would be no damage whatever. The court instructed the jury that if it found from the evidence that the owner of the land would be damaged, but if from the evidence it was unable to ascertain the amount of such damages, then it should find for such damages a nominal sum, and it is insisted that the giving of this instruction was error. In *Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 Ill. 110, a similar instruction was approved, and it was there said that if damages are shown but the amount is not approximately proved, no more than nominal damages can be allowed. In this case damages were approximately proved by the witness who testified that the damages amounted to the sum of one dollar. Having thus proved the damages it was technically erroneous to give this instruction, but as the amount proved amounted to no more than nominal damages it was not possible for the giving of this instruction to result in injury to appellants. Under the holding in *St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 Ill. 508, the proper practice was pursued in proving the damages sustained by appellants.

The judgment of the county court is affirmed.

*Judgment affirmed.*