Mona Garman, Appellee, v. O. T. Smith and Leon E. Smith, Appellants.

Gen. No. 8,472.

Opinion filed April 14, 1931.

CHAS. W. FLEMING and P. S. DUFFIN, for appellants.

ACTON, ACTON & BALDWIN and LIVENGOOD & LIVEN-GOOD, for appellee; WILLIAM M. ACTON, of counsel.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case a judgment was entered by the circuit court of Vermilion county on a judgment note for the sum of $13,200 against the appellants O. T. Smith and Leon E. Smith, and in favor of the appellee, Mona Garman, who was formerly Mona Smith, wife of the appellant Leon E. Smith. Thereafter on motion of the appellants supported by their affidavits the judgment was opened and leave given to the appellants to plead in defense. The appellants thereupon filed a verified plea of *non assumpsit* denying the execution of the judgment note upon which the judgment had been rendered. The appellants contended upon the trial, that their signatures to the note were forgeries, and the question of the genuineness of the signatures of appellants was the main contention of fact in the case. The evidence upon this question was in conflict; and the determination of the matter involved the consideration of the credibility of the witnesses for appellants and appellee who testified in the case. The jury found the issues raised by the appellants' verified plea in favor of the appellee; and the judgment was thereupon made final.

Various questions are raised by the appellants for reversal of the judgment. It is contended that the verdict is contrary to the weight of the evidence. This question cannot be properly determined without taking into consideration, as an important factor, the

credibility of the witnesses; the jury who heard the witnesses testify, and saw them and their demeanor on the stand were in the best position to determine the weight of the evidence. It is evident from the verdict that the jury concluded that the appellee and her witnesses were entitled to greater credence than the appellants and their witnesses; this court would not be warranted in saying that they should not have done so.

Another contention made by the appellants is that the court erred in admitting certain evidence of James Crenshaw, which the appellee elicited by redirect examination, namely, in reference to his conviction, which the appellants had made a matter of verbal proof on cross-examination. Crenshaw was called as a witness for appellee and had testified concerning the matters in controversy, and was examined and cross-examined; but later was recalled for further cross-examination; and the appellants upon the recall of the witness propounded the following question: ''Mr. Crenshaw, I will ask you as a matter of fact if you weren't convicted of the crime of forgery in the District Court of the United States for the Eastern District of Illinois, Court holding at East St. Louis, Illinois, in the year 1921?'' To this question he answered: ''I was convicted but don't remember the year. It was for forgery of registered liberty bonds. Served time in the Leavenworth penitentiary. My sentence was for five years.'' Whereupon on redirect examination counsel for appellee asked certain questions concerning the nature and gravity of the crime of which he had been convicted, and the witness over the objection of appellants was allowed to answer the questions.

It was held in *Schwarzschild & Sulzberger Co. v. Pfaelzer,* 133 Ill. App. 346, that where the evidence of conviction is made by oral testimony, it is not error to interrogate the witness concerning the character and the nature of the offense. Under the ruling made in

that decision no error was committed; but inasmuch as it was a collateral matter and could not have had any natural effect on the issues in the case, the error, if any, would not be reversible.

Error is also assigned on the first instruction given to the jury at the instance of the appellee. The instruction complained of is as follows:

''1. The court instructs the jury that in this suit a judgment was heretofore taken by confession in this court, in favor of the plaintiff and against the defendants, and upon motion of the defendants and under their claim that they did not execute the note introduced in evidence, the judgment was opened up and the defendants permitted to make their defense, and the defendants have filed their pleas herein denying that they executed the note sued on. The defendants have filed no pleas of want of consideration, and the sole issue of fact for the jury to try in this case is whether or not the defendants executed the note introduced in evidence. No other question of any kind is made by the issues for the jury in this case to try. In your verdict, if you find from the preponderance of the evidence that the defendants did execute and deliver the note introduced in evidence, you will find the issues for the plaintiffs, and if you do not find from the preponderance of the evidence that the defendants executed the note sued on, then by your verdict you would find the issues for the defendants. If you find the issues for the plaintiff you need not find the amount of the plaintiff's damages, for that is fixed by the terms of the note and the judgment previously entered in the cause.''

The objection made to the instruction is that it states general propositions of law not disputed, and that the instruction ignored the question of delivery of the note in question which was in issue in the case. There is a general statement in the instruction about which there was no question, namely, that the defendants had

filed no pleas of want of consideration; and this statement had no proper place in the instruction. But the statement could not in any way have confused or misled the jury concerning the real issues in the case, namely, whether or not the signatures of the makers of the judgment note were forgeries. It is apparent on reading the instruction, that it did not ignore the question of delivery of the note in question. The question of delivery is involved in the issue raised by the denial of the execution of the note. *Hunt v. Weir,* 29 Ill. 83. And in that regard the instruction expressly charged the jury that "if you find from the preponderance of the evidence that the defendants did execute and deliver the note introduced in evidence, you will find the issues for the plaintiff."

The record discloses that the other error assigned by the appellants that they were unduly restricted in their cross-examination of witnesses is without merit. For the reasons stated the judgment is therefore affirmed.

*Judgment affirmed.*