(No. 34437.—)
NORTH SHORE SANITARY DISTRICT, Appellant, *vs.* ALEXANDER SCHULIK *et al.*, Appellees.

*Opinion filed November 20, 1957.*

310

MARK H. BEAUBIEN, and STANLEY A. DURKA, both of Waukegan, for appellant.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Appellant, herein called petitioner, filed its amended petition in the county court of Lake County for the condemnation of an easement 20 feet wide for a major intercepting sewer across 15 parcels of land consisting of lots in the cities of Lake Forest and Highland Park. After denying petitioner's motion for judgment upon the jury's special finding of fact that no depreciation was caused any land involved, the court, on appellees' motion, entered a judgment upon the general verdict for a total amount of $3761.50. The petitioner filed an amended notice of appeal to this court for reversal and the entry of a judgment for nominal damages of $10 per parcel.

Easements were sought by petitioner for a right of way for the construction, operation, regulation and maintenance of an outlet sanitary sewer through most of Lake County. As to the parcels here involved, petitioner, with leave of court, filed a stipulation that certain rights of the appellees would not be affected, including their rights of ingress and egress and their rights to build certain kinds of buildings upon the easement strip. While the appellees originally questioned the authority of petitioner to limit the rights it sought to acquire by unilateral stipulation, the case was tried upon the basis that the acquisition of an easement only was involved.

At the close of proof, petitioner submitted a special interrogatory to the jury in the following form: "Is there any depreciation in the fair, cash market value as of July 5, 1956, of any of the land or premises involved in these proceedings by making it subject to the easement for sewer rights as described and limited by these proceedings?" It was answered in the negative by the jury in the signed finding of fact and upon being polled by the appellees.

Certain of the appellees moved to strike the interrogatory and the jury's answer thereto based upon its irrelevancy and failure to determine any of the ultimate facts at issue.

This motion was denied. Whereupon, petitioner moved for judgment upon the special finding of fact, which motion was also denied.

The only questions involved are whether it was proper to propound the special interrogatory to the jury, and, if so, whether the judgment should have been entered upon it or the general verdict.

In eminent domain cases the measure of damages to that part of the land upon which an easement is impressed is the depreciation in the fair market value thereof caused by its subjection to condemnor's superior right to use the land for the purpose for which it is condemned. (*Illinois Power and Light Corp.* v. *Peterson,* 322 Ill. 342; *Central Illinois Public Service Co.* v. *Lee,* 409 Ill. 19.) The special interrogatory related to the ultimate fact upon which the rights of the parties depend; *i.e.,* whether there was depreciation to the strips. (*Wicks* v. *Cuneo-Henneberry Co.* 319 Ill. 344; *Pressley* v. *Bloomington and Normal Railway and Light Co.* 271 Ill. 622.) We are of the opinion that it was proper to submit the interrogatory to the jury.

The response to the interrogatory is entirely inconsistent with the general verdict. As we have pointed out, the measure of damages is the depreciation in fair market value. If there is no depreciation, then, there cannot be a substantial award. Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 65) reads in part as follows: "When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." We have held under an early similar statutory provision that the failure to enter a judgment on the special finding rather than the general verdict was reversible error. (*Crosse* v. *Knights of Honor,* 254 Ill. 80.) Here, the existence of depreciation is a prerequisite to an award of substantial damages. The special finding of the jury precludes such an

award, and the judgment should have been entered on the special finding unless it was manifestly against the weight of the evidence.

We have examined the record to determine whether the special finding of the jury was against the manifest weight of the evidence. The benefit of appellees' views in analyzing the evidence is lost due to their failure to file a brief.

Appellees produced four witnesses. William Pittinger testified with reference to parcel 18. In reply to the question of the fair, cash market value he computed the square feet within a 30-foot strip at 14,250 and answered that the value was six cents per square foot or $855. Witness Walter C. Byrne, Jr., owned parcel 6 and confined his testimony to the displacement of soil and the feasibility of building structures upon the back-filled trench. Oscar Soderquist, in response to a question on direct examination, testified that the fair, cash market value of the whole lot, over which parcel 1 ran, was $4500 or 22 cents per square foot. He then applied this value per square foot to the square feet within the easement and produced a value of $462. In reply to similar questions with respect to other parcels, he used the same method, fixing a per square foot value of 21 cents. Further testimony pertained to trees located upon the strips. The last witness, Martin Giesel, testified that he was the owner of parcel 15 consisting of three lots, and that the value of each was $5000. In reply to the question, "And as to the 20-foot easement sought to be secured by this condemnation proceeding, do you have an opinion as to the fair, cash market value of that strip as to each lot?" he replied, "I would say 10 per cent of the value of the lot."

None of the foregoing witnesses testified to the depreciation in the value of the land within the strips nor the depreciated value of the several tracts after the easements had been imposed thereon. The only possible exception was

the reply to the question quoted in the previous paragraph and that was unsatisfactory in that the question could have been construed to refer to the value of the fee simple title.

Witnesses called by the petitioner testified that the sewer line could be constructed without removing or killing the trees. Samuel J. Sorenson gave his opinion as to values of the strips as being the same before and after the imposition of the easement rights sought.

There is no satisfactory evidence in the record as to the damages, if any, resulting from the imposition of the easements. Appellees' evidence is confined to evidence of the "fair, cash market value" of the strips and not to the depreciation in values which is the true measure of damages. Where damage is shown but the amount is not approximately proved, there can be no more than nominal damages allowed. (*Chicago and Northwestern Railway Co.* v. *Town of Cicero*, 157 Ill. 48; *Peoria and Pekin Union Railway Co.* v. *Peoria and Farmington Railway Co.* 105 Ill. 110; *Buncombe Metallic Telephone Co.* v. *McGinnis,* 268 Ill. 504.) Obviously, where there is no satisfactory proof of damage, as here, the award could be for nominal damages only.

We are of the opinion that the special finding that no depreciation resulted was not contrary to the manifest weight of the evidence and was justified. The judgment is reversed and the cause remanded with instructions to enter a judgment upon the special finding for nominal damages of $10 per parcel, the amount proffered as special damages in petitioner's stipulation.

*Reversed and remanded, with directions.*