(No. 38805.—

GRACE FREEMAN *et al.*, Appellees, *vs.* THE CHICAGO
TRANSIT AUTHORITY, Appellant.

*Opinion filed June 24, 1965.—Rehearing denied Sept. 27, 1965.*

UNDERWOOD, J., specially concurring.

WILLIAM J. LYNCH and WILLIAM S. ALLEN, JEROME
F. DIXON, and ERWIN WRIGHT, all of Chicago, for appellant.

HERZL E. LEVINE, HERBERT VELDENZ, and VERA
CUTHBERT, all of Chicago, for appellees.

Mr. Justice Schaefer delivered the opinion of the court:

This action was brought by Roger Freeman and his wife, Grace, to recover for personal injuries and property damages alleged to have been suffered when a Chicago Transit Authority bus ran into the rear of the Freeman's car. The accident occurred at a rather complicated intersection of three streets, controlled by several traffic lights, at a time when the streets were wet following a snowfall. The case was tried to a jury. At the defendant's request the following special interrogatory was submitted: "Was the defendant's bus driver, Raymond Jenkins, at the time and place in question, guilty of negligence that proximately contributed to cause the occurrence in question?" The jury answered "No", but also returned a general verdict in favor of the plaintiffs for $2,500 each.

The defendant moved for judgment notwithstanding the verdict. The plaintiffs filed a post-trial motion in two parts. In one part they requested alternatively an *additur* or a new trial, and in the other, judgment notwithstanding the verdict or in the alternative a new trial. In support of their motion the plaintiffs argued that the verdict was against the manifest weight of the evidence, that the judge committed prejudicial errors concerning the admission of evidence, and that it was error to submit the special interrogatory because the evidence showed the bus driver to have been negligent as a matter of law. The trial judge denied the post-trial motions of both parties, but on his own motion set aside the special finding of the jury on the ground that it was against the manifest weight of the evidence, entered judgment on the verdicts.

The appellate court sustained the action of the trial judge in setting aside the special interrogatory, but reversed the judgment and remanded the case for a new trial. (50 Ill. App. 2d 125.) We allowed the defendant's petition for leave to appeal.

The first issue before us concerns the action of the trial court in setting aside the answer to the special interrogatory. The defendant contends that the court had no authority to do so upon its own motion. The plaintiffs argue first, that the court acted in response to their post-trial motion, and second, that in any event the trial court had inherent power to set aside the answer on its own motion. As to the first of these arguments we agree with the appellate court that a motion which specifically directed the attention of the trial judge to the proposition that the evidence showed the driver of the bus to be guilty of negligence as a matter of law did not raise any question concerning the weight of the evidence.

We also agree with the appellate court that the action of the trial court was nevertheless proper. The defendant's contention to the contrary rests upon the proposition that section 68.1(2) of the Civil Practice Act bars a trial judge from considering any grounds not raised by a party in his written post-trial motion. Section 68.1(2) provides: "The post-trial motion must contain the points relied upon, particularly specifying the grounds in support thereof, and must state the relief desired, as for example, the entry of a judgment, the granting of a new trial or other appropriate relief. * * * A party may not urge as error on review of the ruling on his post-trial motion any point, ground or relief not particularly specified in the motion." (Ill. Rev. Stat. 1961, chap. 110, par. 68.1(2).) While the section thus confines a litigant, upon appeal, to those matters specifically raised in the trial court, it contains nothing that suggests an intention to interfere with the power of a trial court to act upon its own motion.

The function of a trial judge in determining whether the answer to a special interrogatory is against the manifest weight of the evidence is analogous to his function in determining whether a general verdict is against the weight of the evidence, and his authority to act upon his own mo-

tion should be the same in both instances. Orders granting new trials were not appealable at all until the Civil Practice Act became effective in 1934, and apparently the authority of a trial court to grant a new trial on its own motion has not been considered by this court. But in those jurisdictions that have considered the question the power is firmly established. (*Fort Wayne & Belle Isle Ry. Co.* v. *Wayne Circuit Judge,* (1896) 110 Mich. 173, 68 N.W. 115; *Bank of Willmar* v. *Lawler* (1899) 78 Minn. 135, 80 N.W. 868; *Clark* v. *Great Northern Ry. Co.* (1905) 37 Wash. 537, 79 P. 1108, 2 Ann. Cas. 760; see cases collected, 48 A.L.R. 362, 23 A.L.R. 2d 852; *cf.* F.R.C.P., Rule 59.) These decisions are based upon a recognition that the role of a trial judge is not that of a presiding officer or an umpire, and that he is responsible for the justice of the judgment that he enters. The defendant's argument would take away that responsibility and tend to reduce his role to that of an automaton.

The second issue before us concerns the action of the appellate court in granting a new trial. Section 65 of the Civil Practice Act provides: "When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." (Ill. Rev. Stat. 1963, chap. 110, par. 65.) In this case the special finding could not control the general verdict, because it was, as the trial court determined, against the manifest weight of the evidence. Although it was therefore set aside, the contradictory conclusion that it expressed indicated that the jury misunderstood the issues or disregarded the court's instructions. A majority of this court is therefore of the opinion that the appellate court properly granted a new trial.

The appellate court also considered certain problems that were likely to recur upon another trial, and we find it necessary to discuss some of them. The extent and duration of the injuries suffered by the plaintiffs was sharply disputed, and because the symptoms of prolonged disability

were largely subjective, their credibility was important. On cross-examination of Roger Freeman it was developed that he had been convicted of the crime of larceny by bailee. The plaintiffs contend that it was error to admit evidence of the conviction on the ground that only those crimes classified as "infamous at the common law or under our statutes" (*Matzenbaugh* v. *People ex rel. Galloway*, 194 Ill. 108, 113), may be shown to impeach the credibility of a witness, and that larceny by bailee is not such a crime. But larceny is defined by statute as an infamous crime, (Ill. Rev. Stat. 1959, chap. 38, par. 587) and the statute also provides that a bailee who converts property to his own use "with intent to steal the same, * * * shall be deemed guilty of larceny." (Ill. Rev. Stat. 1959, chap. 38, par. 394.) Intent to steal is a common ingredient of both crimes, and we see no reason for distinguishing between them so far as impeachment is concerned.

The plaintiffs also contend that the trial court erred in excluding evidence designed to rehabilitate the witness by showing the circumstances under which the crime was committed. The question thus raised involves considerations relating to fairness to the witness, emphasized by Wigmore in his conclusion that "* * * it would seem a harmless charity to allow the witness to make such protestations in his own behalf as he may feel able to make with a due regard to the penalties of perjury." (Wigmore on Evidence (2nd ed.) sec. 1117.) But other considerations, relating to the conclusiveness of the judgment of conviction and the avoidance of collateral issues, are also involved, and they militate against permitting explanation. The opposing points of view are stated in *United States v. Boyer*, (C.A.D.C. 1945) 150 F.2d 595, 166 A.L.R. 211, and *O'Brien v. Boston Elevated Ry. Co.* (1913) 214 Mass. 277, 101 N.E. 365. See cases collected, 166 A.L.R. 211.

To sustain their contention that it was error to exclude explanatory evidence designed to rehabilitate the witness,

the plaintiffs have cited two opinions of the appellate court, *Schwarzschild & Sulzberger Co.* v. *Pfaelzer*, 133 Ill. App. 346, and *Garman* v. *Smith,* 263 Ill. App. 297, neither of which discussed the underlying problem. Relying upon these two opinions and *United States* v. *Boyer,* 150 F.2d 595, the appellate court in the present case concluded that the admissibility of the explanatory testimony was a matter for the discretion of the trial court and that there "would be no apparent objection to admitting explanation in this case." 50 Ill. App. 2d at 143.

We regard the question as controlled by the decision of this court in *Gallagher* v. *People,* 211 Ill. 158, which was not brought to the attention of the appellate court or of this court by the parties. In that case a prior conviction was proved, and the court held that evidence offered to show that the defendant has been pardoned was properly excluded. After referring to the statute that removed the disqualification of one convicted of a crime but permitted the conviction to be shown to affect credibility, (now Ill. Rev. Stat. 1963, chap. 51, par. 1.) the court said: "Under the statute, the guilt or innocence of the defendant of the crime for which he had been convicted, his punishment, his term of service, etc., are wholly immaterial and incompetent. That he may have been pardoned proves nothing as to his credibility, and to permit evidence of that fact would simply be to introduce into the case a collateral issue." 211 Ill. at 169.

The plaintiffs also contend that prejudicial error occurred when the defendant's attorney asked Roger Freeman's landlady whether, since he left the hospital, she had seen him wearing a motorcycle jacket or motorcycle boots. There was no objection, and her answer was negative. There was an objection to a subsequent question as to whether she had seen him wearing a "motorcycle cap", and the objection was sustained. In our opinion the plaintiff's contention that questions concerning the type of clothing

worn by Roger Freeman had no purpose other than to prejudice the jury against him can not be sustained. Affirmative answers to these questions would have supported an inference contrary to his testimony that he was physically unable to work.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE UNDERWOOD, specially concurring:

While I concur that a new trial is necessary, I do so for reasons other than those expressed in the opinion of the court. That opinion remands for a new trial solely because the jury apparently misunderstood or disregarded the court's instructions. I would grant a new trial because, once the special finding is set aside, there remains no verdict upon which judgment can be entered.

That a jury's special finding of fact controls an inconsistent general verdict is established law in this State. (Ill. Rev. Stat. 1963, chap. 110, par. 65; *North Shore Sanitary District* v. *Schulik,* 12 Ill.2d 309.) In such cases the former is the verdict of the jury and judgment may be entered thereon; the latter is a nullity. The reason underlying section 65 is that a jury more clearly understands a particularized special interrogatory than a composite of all of the questions in a case, and that, therefore, an answer thereto should prevail over an inconsistent general verdict. This renders the inconsistent general verdict of no force and effect whatsoever even though the special finding is subsequently vacated.

I agree that the trial judge may, on his own motion, set aside a special finding as against the manifest weight of the evidence. His action in doing so, however, does not revive the general verdict. Once the special finding has been invalidated, a new trial must necessarily result, since, the inconsistent general verdict being a nullity, there then is no verdict before the court upon which it may act.