JOHN EDWARD TRICE, Plaintiff-Appellee, *v.* ILLINOIS CENTRAL GULF RAILROAD COMPANY, Defendant-Appellant.

Fifth District  No. 5—83—0850

Opinion filed September 19, 1984.

Gundlach, Lee, Eggmann, Boyle & Roessler, of Belleville (Richard E.

Boyle and Gary K. Morgan, of counsel), for appellant.

Randolph E. Schum, of Blunt & Schum, of Edwardsville, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Following a jury trial in the circuit court of Madison County, the jury returned a verdict in the amount of $187,500 in favor of plaintiff, John Trice, on his complaint pursuant to the Federal Employers' Liability Act (45 U.S.C. sec. 51 *et seq.* (1976)) against defendant, Illinois Central Gulf Railroad Company. The court entered judgment on the verdict and denied defendant's post-trial motion. On appeal, defendant raises numerous issues for our consideration. For the reasons which follow, we affirm the judgment of the circuit court.

■■ ■ Defendant's first claims of error concern the instructions given to the jury. Initially, defendant asserts that the court erred in giving that portion of Illinois Pattern Jury Instruction (IPI), Civil, No. 20.01 (2d ed. 1971), which states that "the defendant denies that he was negligent in doing any of the things claimed by plaintiff." It is defendant's position that this instruction, by falsely implying that defendant admitted doing the things claimed by plaintiff, operated to deny defendant a fair trial. Even if error occurred in this regard, we are compelled to conclude that it is not of such magnitude as to warrant reversal. In addition to the instruction complained of, the court gave an instruction in the language of IPI Civil No. 21.02, which informed the jury that the plaintiff had the burden of proving that defendant "acted, or failed to act" in the ways claimed by plaintiff. In view of this instruction, and the fact that defendant did not deny moving the tie injector which struck plaintiff, we cannot say that giving of the instruction complained of constitutes reversible error. (See *Wofford v. DeVore* (1966), 73 Ill. App. 2d 92, 95-96, 218 N.E.2d 649.) While defendant also contends that the court erred in refusing to give IPI Civil No. 3.01, concerning impeachment by prior inconsistent statement or conduct, we cannot say that this ruling constituted an abuse of the court's discretion. Plaintiff never denied that he had prior criminal convictions, and his alleged statement that his athletic ability had led to his appearance on the cover of a national sports magazine related only to a collateral issue. Moreover, the jury was given IPI Civil No. 2.01, which informed the jury that it was its responsibility to determine the credibility of the witnesses, and we cannot say that the failure to give IPI Civil No. 3.01 caused any prejudice to defendant.

■■ Next, defendant contends that the court erred in allowing

plaintiff to testify as to the circumstances surrounding his conviction of six counts of obtaining services with the intent to defraud. After the court ruled that plaintiff could be impeached by evidence of these convictions, plaintiff testified that the convictions resulted from making telephone calls on another person's account, that he had made restitution, and that he was under the impression that his record had been cleared. While it is normally error to permit a witness who has been impeached by prior convictions to explain the circumstances surrounding those convictions (*Freeman v. Chicago Transit Authority* (1965), 33 Ill. 2d 103, 107-08, 210 N.E.2d 191), plaintiff's testimony in this regard was nonetheless proper in this case. In opening statements defense counsel, in addition to stating that the evidence would show that plaintiff had been convicted of crimes, also stated that plaintiff had been fired from the railroad for falsely stating on his employment application that he had no prior convictions. Thus, the defense attack on plaintiff's credibility was made not merely through a showing of the fact of the convictions, but involved the relating of those convictions to other actions of plaintiff. Under these circumstances, plaintiff was properly allowed to explain his belief that he had cleared his record by making restitution to the victims of his crimes. We note parenthetically that, even if plaintiff should not have been allowed to testify in this fashion, "it would seem a harmless charity to allow the witness to make such protestations in his own behalf as he may feel able to make with a due regard to the penalties of perjury" (4 Wigmore on Evidence sec. 1117 (Chadbourne rev. ed. 1972), cited in *Freeman v. Chicago Transit Authority* (1965), 33 Ill. 2d 103, 107, 210 N.E.2d 191), and we cannot say that such error would warrant reversal.

■■ ■ Defendant also asserts that certain remarks of plaintiff's counsel in closing argument were prejudicial and inflammatory. Defendant did not object, however, to plaintiff's argument that a named railroad employee would be fired if he failed to testify for the railroad; accordingly, any issue concerning the propriety of these remarks is waived for purposes of review. (*Chloupek v. Jordan* (1977), 49 Ill. App. 3d 809, 817, 364 N.E.2d 650.) As to the remaining portions of the argument complained of, we have examined these remarks carefully and cannot conclude that they "were of such a character as to have prevented defendant from receiving a fair trial." 49 Ill. App. 3d 809, 817.

■■ ■ Defendant lastly claims that the verdict of $187,500 is excessive, and asks us to grant a substantial remittitur. There was, however, adequate evidence to support the verdict. Plaintiff was hospital-

ized on four different occasions, and the testimony of plaintiff and his witnesses established that plaintiff still suffered from hearing loss, headaches, dizziness, numbness in his fingers, and neck and chest pains at the time of trial. Moreover, plaintiff testified that these difficulties affected his ability to attend school, do heavy work and play with his children. In light of this evidence supporting the verdict, we decline defendant's invitation to reduce it.

We have considered the remaining issues raised by defendant in the course of its principal arguments, and find these issues to be without merit.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

WELCH, P.J., and KASSERMAN, J., concur.