Nicholas Thomas, Plaintiff-Appellee, v. Chicago Transit Authority, a Municipal Corporation, and Marhoefer Packing Company, Inc., Defendants-Appellants.

Gen. No. 47,140.

First District, Second Division.

March 11, 1958.

Rehearing denied and opinion modified April 9, 1958.

Released for publication April 10, 1958.

Thomas C. Strachan, Jr., Geoffrey B. Fleming and James E. Hastings, of Chicago, for defendant-appellant, Chicago Transit Authority; Charles D. Snewind, of Chicago for defendant-cross-appellant, Marhoefer Packing Company, Inc.

Peter Fitzpatrick, of Chicago, for plaintiff-appellee.

PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action brought by plaintiff against the Chicago Transit Authority and the Marhoefer Packing Company, hereinafter referred to respectively as C.T.A. and Marhoefer. Judgment for plaintiff was entered upon a general verdict against C.T.A. for $35,000; the jury found Marhoefer not guilty. The trial court denied the post-trial motion of C.T.A. asking for judgment on a special interrogatory in its favor or in the alternative for judgment notwithstanding the verdict. The court conditionally granted plaintiff's motion for a new trial as to both defendants. C.T.A. and Marhoefer have appealed.

The complaint alleges that plaintiff was injured January 27, 1955, near the corner of Larrabee and Oak streets in Chicago. He had finished work about 8:20 A. M. and was waiting at the southeast corner for a northbound bus. A truck was illegally parked in the bus loading zone and plaintiff was injured when pinned between the moving bus and the standing truck.

The complaint alleges further that the C.T.A. negligently "equipped, maintained, controlled and operated its said motor bus" and that Marhoefer negligently "parked" its motor truck "within a bus stop in violation of Section 27–122 of the Municipal Code of Chicago" and that due to the negligence of both defendants plaintiff was injured. Though the complaint specifies five negligent acts or omissions in operation, it makes only the general allegation of negligent equipment and maintenance. C.T.A.'s answer did not call for more specific charges of this general allegation; it merely made a general denial.

The jury answered "No" to a special interrogatory asking: "Was the operator of defendant Chicago Transit Authority's bus guilty of negligence immediately before or at the time of the accident in question?" The result of the verdict was to find the C.T.A. guilty on the faulty equipment or maintenance theory of liability and not guilty on the operation theory of liability, both of which are sufficiently alleged in the complaint.

██ C.T.A. contends that its motion for judgment on the special interrogatory should have been granted on the ground that the finding of the special interrogatory is controlling where it is inconsistent with the general verdict. There is no merit in this contention, though there is no dispute over the rule that where a special interrogatory on an ultimate fact is inconsistent with the general verdict the special interrogatory

controls. Ebsery v. Chicago City Ry. Co., 164 Ill. 518, 521; King v. Ryman, 5 Ill.App.2d 484; see also Civil Practice Act, Section 65 (Ill. Rev. Stat., Chap. 110, Par. 65). We agree with plaintiff that the special interrogatory would be inconsistent with a general verdict under the faulty operation theory, however, it is not inconsistent with a general verdict under the faulty equipment and maintenance theory. The C.T.A. upon sufficient evidence might be guilty of negligence in maintenance even though the driver was not negligent in operation. No case cited by C.T.A. is applicable to support its theory in this case. We think the trial court properly denied C.T.A.'s motion for judgment on the special interrogatory.

■■ We think it is fair to say that the C.T.A. contends also that the trial court erred in not granting it a judgment notwithstanding the verdict. It argues that there is no evidence of negligence except that of operation. Plaintiff argues to the contrary that the jury had a right to believe that C.T.A. was negligent in failing to properly equip and maintain the bus equipment. The C.T.A.'s contention, however, is made in support of its main point that the general verdict and special interrogatory are inconsistent. We have decided in plaintiff's favor on this point. In view of that decision and in view of the peculiar circumstances of this trial, we shall consider the C.T.A.'s contention as directed to the general verdict on the theory of liability for faulty maintenance and equipment. In this case and on this record, we think this is fair.

On this question we take only the evidence favorable to plaintiff and draw the legal inferences most strongly in his favor, rejecting contradictory and contrary evidence to decide whether there is any evidence of negligence. Hunter v. Troup, 315 Ill. 293; Mahan v. Richardson, 284 Ill. App. 493; Nagel v. City of Chicago, 15 Ill.App.2d 533. Plaintiff argues that the jury

could find that the C.T.A. was negligent in failing to equip its bus with a defroster system, or double glass windows, or with fans so as to prevent windows from becoming so frosted that the driver could not see plaintiff. This court has held that a plaintiff's recovery must be founded on a theory (Rogers v. New York, C. & St. L. R. Co., 328 Ill. App. 123) and though argument to the jury for plaintiff indicates he relied upon the charges of negligent operation, we shall proceed to consider whether there is any evidence to support the maintenance and equipment theory as specified by plaintiff's argument here.

The only favorable testimony plaintiff relies on is that of defense witness, Lahendro, who testified on direct examination:

"Q.  At any time did you see any man in the street?
A.  No. I believe you couldn't even see through the window."

Then on cross-examination:

"Q.  . . . the windows were frosted that morning in the bus?
A.  I believe they were.
Q.  And it was difficult to see out because the windows were frosted, isn't that right?
A.  I believe they were. . . .
Q.  I am asking you from your general observation looking around in the bus, the windows were frosted in the inside?
A.  I believe they were."

There is also testimony that though plaintiff was a few feet from the front door of the bus, the driver did not see him. This testimony does not justify inferences that the driver could not see sufficiently through the windows or that the bus lacked adequate defrosting devices. This was not sufficient evidence to take this part of the case to the jury.

Plaintiff's post-trial motion asked for a new trial as to both defendants. As to the C.T.A. plaintiff claimed the special interrogatory was "contrary to" and "against the manifest weight of" the evidence. The trial court—"in the event" its denial of C.T.A.'s motion for judgment notwithstanding "be reversed"—allowed plaintiff's motion to set aside the special interrogatory and granted plaintiff a new trial. In view of what we have said above, this would be with respect to the operation theory of liability.

█ Unless there is a clear abuse of discretion which is affirmatively shown, the trial court's decision in granting a new trial will not be disturbed. Ledferd v. Reardon, 303 Ill. App. 300; Hart v. Goebelt, 350 Ill. App. 325. A trial court is allowed greater latitude in granting a new trial than in denying one. Bergman v. Gilbert, 6 Ill.App.2d 206. Generally, where the question involved is one of fact, the trial court's action in granting a new trial will be affirmed. Lauff v. Massachusetts Mut. Life Ins. Co., 284 Ill. App. 643.

█ Under these rules the C.T.A. has not shown that the trial court abused its discretion in granting plaintiff a new trial as to it, insofar as the operation theory of liability is concerned. It could be that the trial court thought that plaintiff's story plus the nature of his crushing injuries to back, left and right side of his chest and pelvis preponderated over the defense version. We cannot say upon reviewing all the evidence that this would be an unreasonable decision.

Marhoefer contends that the trial court abused its discretion in conditionally granting a new trial as to it. It claims that the verdict as to the ownership of the truck is not supported by a clear preponderance of the evidence and that, as a matter of law, the illegally parked truck was not the proximate cause of plaintiff's injury.

476

It argues that its negligence in parking its truck in the bus loading zone (assuming it was its truck) was nothing more than a condition.

In Sutherland v. Guccione, 8 Ill.App.2d 201, defendant was illegally parked in a crosswalk. Plaintiff after crossing the street turned right to walk between defendant's parked car and a truck which was waiting at the intersection for the light to change. When the light changed the truck moved forward and trapped plaintiff between Guccione's truck and defendant's car causing plaintiff's injury. There, this court held that under these facts the question of proximate cause of Sandquist's negligence was for the jury. We think the same is true here.

From the jury's verdict we cannot determine whether its finding was based upon the question of proximate cause or upon the question of ownership. It is possible that the jury found in favor of plaintiff on the proximate cause question but against him on the ownership question. It is thus necessary to determine whether the issue of ownership is supported by the clear preponderance of the evidence.

The question of ownership is highly controverted. Plaintiff testified that it was a Marhoefer truck and that he saw the name Marhoefer on the truck adding, "I know the name was familiar because I worked for a contractor Marhoefer." However, the various passengers of the bus who saw the truck immediately after the occurrence were unable to give any description or to identify it as a Marhoefer truck. The testimony as to the color of the truck was also conflicting, and the testimony as to whether the Marhoefer company made any deliveries that morning in the area of the accident is negative and does not deny its truck was there.

Marhoefer has not shown that the trial court abused its discretion in concluding that the finding by the jury

was not supported by a preponderance of evidence. The conditional order as to both C.T.A. and Marhoefer is affirmed.

The judgment in favor of plaintiff and against C.T.A. is reversed and the cause is remanded for a new trial in accordance with the order of the trial court.

Reversed and remanded.

LEWE and MURPHY, JJ., concur.