(No. 40179.—

Mary Borries, Appellee, *vs.* Z. Frank, Inc., *et al.*, Appellants.

*Opinion filed March 29, 1967.—Rehearing denied May 16, 1967.*

Kluczynski, J., took no part.

Menk, Johnson & Ryan, of Chicago, (John Cadwalader Menk, of counsel,) for appellants.

O'Brien, Hanrahan, Wolfe and Been, of Chicago, (Delbert T. Been, of counsel,) for appellee.

Mr. Justice Underwood delivered the opinion of the court:

The issue here is the proper disposition of a case in which the response to a special interrogatory conflicts with

the general verdict. The trial court entered judgment for defendants in accordance with the special finding, but a divided First District Appellate Court reversed and ordered a new trial citation. We granted defendants' petition for leave to appeal.

Plaintiff Mary Borries instituted this action to recover for personal injuries alleged to have been sustained as a result of the negligence of defendant Ronald Schultz in backing into her with an automobile owned by defendant Z. Frank, Inc. Plaintiff was struck after she had stepped off the curb behind the parked car prior to crossing a busy street near the middle of a city block. The facts are adequately stated in the opinion of the appellate court. (73 Ill. App. 2d 128.) Since they are not in dispute in this appeal it is unnecessary to restate them in detail here.

One of the instructions given to the jury was IPI Instruction No. 21.02, which provides that the plaintiff had the burden of proving that she exercised due care, that she was injured, that defendant was negligent, and that defendant's negligence was the proximate cause of her injuries. The jury returned a $30,000 general verdict in favor of plaintiff, but, in response to a special interrogatory, found that she was guilty of contributory negligence. The appellate court found the interrogatory was properly given and that the jury's answer to it was not against the manifest weight of the evidence, but ruled that the "manifest inconsistency of the findings * * * on * * * [the] basic and material issue, [of] plaintiff's negligence, after the giving of the special interrogatory and IPI Instruction No. 21.02, indicates the jury was confused or not fully instructed on that issue. Therefore, the established rule that a special finding controls an inconsistent verdict should not be applied * * *." It then held that "justice demands that a new trial be granted," citing *Freeman* v. *Chicago Transit Authority*, 50 Ill. App. 2d 125 (aff'd. 33 Ill.2d 103).

Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1965, chap. 110, par. 65), provides in part: "The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. * * * When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court may render judgment accordingly." Defendant claims that the ruling of the appellate court has, in effect, nullified this language and that *Freeman* does not authorize a new trial in the present situation. We agree.

In *Freeman,* the plaintiffs sued the Chicago Transit Authority for damages alleged to have been sustained when one of defendant's buses ran into the back of their car. The jury returned general verdicts for the plaintiffs, but specially found that the bus driver had not been guilty of negligence that proximately contributed to the accident. The trial court set aside the special finding on the ground that it was against the manifest weight of the evidence and entered judgment in accordance with the general verdicts. The appellate court ruled that, after setting aside the special finding, the trial court should have ordered a new trial. While our court agreed with the appellate court, the majority felt a new trial necessary because the jury was either confused or failed to follow the trial court's instructions. In a special concurring opinion, the writer of this opinion took the position that, under section 65, the inconsistency between the special and general verdicts made the latter a nullity, and, since the trial court had found that the former was against the manifest weight of the evidence, judgment could not thereafter be entered in accordance with either the special or general verdicts, thus necessitating a new trial.

Under either theory, however, it is clear to us that *Freeman* does not authorize a new trial under the circumstances prevailing here, where both the trial and appellate

courts found the special interrogatory to have been properly given and the jury's response not against the manifest weight of the evidence. Section 65 empowers the trial court to enter judgment in accordance with a special finding which conflicts with a general verdict simultaneously returned, and such action is particularly appropriate where, as here, the special interrogatory was properly given and the answer thereto has substantial evidentiary support. However, there is no corresponding authority for a trial court to enter judgment in accordance with a general verdict when it decides an inconsistent finding is against the manifest weight of the evidence.

The generally prevailing rule is that an inconsistent special finding controls a general verdict, even in the absence of express statutory provision. (89 C.J.S. 325; 53 Am. Jur. 751.) This rule, as legislatively recognized in section 65, has frequently been applied by both the appellate courts of this State and by us. (*E.g., North Shore Sanitary District* v. *Schulik,* 12 Ill.2d 309; *Cross* v. *Knights of Honor,* 254 Ill. 80; *Kimes* v. *Trapp,* 52 Ill. App. 2d 442; *Todd* v. *Borowski,* 25 Ill. App. 2d 367; *Wise* v. *Wise,* 22 Ill. App. 2d 54; *Thomas* v. *Chicago Transit Authority,* 16 Ill. App. 2d 470.) We believe the reason underlying the rule is that a jury more clearly understands a particularized special interrogatory than a composite of all of the questions in a case, and therefore a special finding upon which a jury presumably has more intensively focused its attention should prevail over an inconsistent general verdict.

To now hold, as plaintiff urges we do, that the jury's confusion manifested by the inconsistent special finding and general verdict automatically necessitates a new trial, would patently nullify the pertinent provision of section 65, the constitutionality of which is not here challenged. Under these circumstances arguments for change therein are properly addressed to the General Assembly.

While we note that section 65, in authorizing the entry

of judgment upon the special verdict, is couched in permissive language, *i.e.*, "the court may render judgment [on the special finding]", the extent of the discretion thus vested in the trial court is not in issue here since plaintiff does not contend an abuse thereof occurred.

The action of the trial court was correct. The judgment of the appellate court is reversed, and the judgment of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.