## Carl Pendl, Plaintiff-Appellee, v. United Parcel Service, Defendant-Appellant.

Gen. No. 52,931.

First District, Second Division.

January 21, 1969.

Herbert L. Caplan, Richard J. Aronson, and Max Tyson, of Chicago, for appellant.

Morton & Yellin, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This was an action to recover damages for injuries suffered by plaintiff occasioned by the alleged negligence of defendant in the operation of a motor vehicle. The jury returned a verdict in favor of plaintiff in the amount of $2,000; the jury was also tendered a special interrogatory, questioning whether plaintiff was guilty of contributory negligence, which was answered in the affirmative. Judgment was entered on the general verdict, the trial court refusing to enter judgment on the special interrogatory. Defendant appeals.

Plaintiff's action was filed in December 1961 requesting damages against defendant in the amount of $5,000. The case was submitted to the jury on September 27, 1967. Among the matters sent with the jury to the jury room was the following special interrogatory:

> "Before and at the time of the occurrence [sic], was the plaintiff guilty of any contributory negligence which was a proximate cause of the occurrance [sic]?"

On September 28, 1967, after the jury had returned their verdicts, trial counsel met with the trial judge to discuss "what to do with our verdict in this case."

The ensuing discussion between the court and counsel centered around the applicability of decisions which hold that a special verdict controls a general verdict, such as Borries v. Z. Frank, Inc., 37 Ill2d 263, 226 NE2d 16, and the decision of the Appellate Court in Maki v. Frelk, 85 Ill App2d 439, 229 NE2d 284, decided in July 1967, which applied the principle of comparative negligence.

The trial court ultimately followed the Appellate Court's decision in Maki, holding that "the answer to the special interrogatory and the general verdict for plaintiff are not inconsistent." The trial court reasoned that plaintiff, in the complaint, requested $5,000 damages from defendant, but the jury, in giving consideration to plaintiff's "lesser degree of negligence," gave him only $2,000. The final comment of the trial court prior to entering judgment for plaintiff was that "plaintiff had asked for $5,000 and the jury awarded $2,000; and the Court feels in the light of Maki that this is not inconsistent."

Leave to appeal in the Maki case was granted by the Illinois Supreme Court, and the determination of the Appellate Court was reversed in July 1968, the Supreme Court stating that the question of whether the doctrine of comparative negligence should be made applicable to legal actions in this State is "one that is appropriate for legislative rather than judicial action." Maki v. Frelk, 40 Ill2d 193, 197, 239 NE2d 445.

██ It is well established that a special interrogatory, or verdict, controls a general verdict. Ill Rev Stats 1967, c 110, Par 65; Borries v. Z. Frank, Inc., 37 Ill2d 263, 226 NE2d 16; Mathes v. Basso, 104 Ill App2d 237, 244 NE2d 362 (1968). The trial judge accordingly should have entered judgment for defendant according to the jury's answer to the special interrogatory.

Plaintiff maintains that the trial court "properly acted within its discretion in disregarding the finding on the

special interrogatory and entering judgment on the jury's verdict." In support of this position plaintiff cites Freeman v. Chicago Transit Authority, 33 Ill2d 103, 210 NE2d 191. Although Freeman holds that a trial court may properly set aside the answer to a special interrogatory where it is against the manifest weight of the evidence, no such action was taken by the trial court, nor does the record disclose that the jury's answer to the special interrogatory was against the manifest weight of the evidence. On the contrary, the trial court impliedly sustained the jury's special verdict by holding that the special verdict and the general verdict were consistent with each other.

For these reasons the judgment is reversed and the cause is remanded with directions to enter judgment for the defendant.

Judgment reversed and cause remanded with directions.

LYONS, P. J. and McCORMICK, J., concur.