Mary E. Kirby, Plaintiff-Appellee, v. Ruth S. Swedberg, Defendant-Appellant.

Gen. No. 69–50.

Second District.

December 3, 1969.

Maynard and Brassfield, of Rockford, for appellant.

Reno, Zahm, Folgate & Skolrood, of Rockford, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

The plaintiff, Mary E. Kirby, was injured while crossing a street intersection, when struck by a car driven by the defendant, Ruth S. Swedberg. Upon trial, the jury returned a verdict for the plaintiff in the sum of $3,750 and also answered a special interrogatory wherein it found that the plaintiff was guilty of contributory negligence. The court set aside the answer to the special interrogatory and entered judgment in favor of the plaintiff on the general verdict.

On appeal, the defendant asserts that the trial court erred: (1) in denying her post-trial motion to set aside the general verdict in favor of the plaintiff and in refusing to enter judgment for the defendant in conformity with the answer to the special interrogatory; (2) in ruling as a matter of law that the plaintiff was not guilty of contributory negligence; and (3) in ruling that the answer to the special interrogatory was against the manifest weight of the evidence.

The evidence indicates that the plaintiff was struck while walking in the crosswalk, from the south to the north, across Fifth Avenue. The accident occurred shortly after noon; the weather was partly cloudy, yet bright; it had snowed the night before and the streets were wet from the melting snow. The defendant was proceeding south on Sixth Street—a one-way street—and had stopped at the stop sign, at its intersection with Fifth Avenue. Stop signs were located at the corner of this intersection for the east and west traffic on Fifth Avenue and for the southbound traffic on Sixth Street.

At the request of the defendant, the following special interrogatory was submitted to the jury:

"Does the jury find from a preponderance of the evidence that the plaintiff was free from contributory negligence immediately at and prior to the occurrence in question which proximately caused or contributed to cause the alleged injuries?"

The jury answered the special interrogatory, "No," yet returned a general verdict for the plaintiff, as aforesaid.

The defendant filed a post-trial motion asking that the general verdict be set aside, and that the court enter judgment for the defendant on the basis of the answer to the special interrogatory. The plaintiff filed a post-trial motion asking that judgment be entered on the general verdict; that the answer to the special interrogatory be set aside as against the manifest weight of the evidence, and conditionally for a new trial in event the trial court entered a judgment in favor of the plaintiff on the general verdict and such judgment is reversed on appeal.

The trial court denied the defendant's motion and granted the plaintiff's motion, in part, stating that it found as a matter of law that the plaintiff was not guilty of contributory negligence; that the answer to the special interrogatory was against the manifest weight of the evidence, and ordered that it be set aside. The court then entered judgment for the plaintiff on the general verdict and denied the plaintiff's conditional motion for a new trial.

█ Section 65 of the Civil Practice Act (Ill Rev Stats 1967, c 110, par 65) provides that when a special finding of fact is inconsistent with a general verdict, "the former controls the latter and the court may render judgment accordingly." It has been stated that the reason for the rule is that the jury is presumed to more clearly understand a particularized special issue

on which its attention has been focused, than a composite of all of the questions in a case. Borries v. Z. Frank, Inc., 37 Ill2d 263, 266, 226 NE2d 16 (1967).

■ While the answer to the special interrogatory will normally control the general verdict, such answer has no binding effect upon the trial court when it has no substantial evidentiary support, or when the determination is contrary to the manifest weight of the evidence. Borries v. Z. Frank, Inc., supra, 266; Freeman v. Chicago Transit Authority, 33 Ill2d 103, 106, 109, 210 NE2d 191 (1965).

■ When the answer to the special interrogatory is inconsistent with the general verdict, the court may enter judgment on the general verdict only when there is a valid basis on which to set aside the answer to the special interrogatory. This may be done on an evidentiary basis under the same conditions that a general verdict may be set aside. Freeman v. Chicago Transit Authority, supra, 105, 106.

■ ■ We believe that an answer to a special interrogatory should be set aside only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the party presenting the special interrogatory that no contrary answer to the interrogatory based on that evidence could ever stand. It is only in such case that it is proper to set aside the answer to the special interrogatory and enter a judgment on the general verdict notwithstanding such answer. See: Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 510, 229 NE2d 504 (1967). If the answer to the special interrogatory is contrary to the manifest weight of the evidence, then a new trial should be ordered. Borries v. Z. Frank, Inc., supra, 266; Freeman v. Chicago Transit Authority, supra, 105, 106.

■ ■ In her post-trial motion, the plaintiff did not contend that judgment should be entered for her on the general verdict and notwithstanding the special

221

verdict on the ground that there was no substantial evidentiary support for the answer to the special interrogatory. Yet this, in essence, is what the trial court found when it held, as a matter of law, that the plaintiff was not guilty of contributory negligence and entered judgment on the general verdict. Section 65 of the Civil Practice Act empowers the trial court to enter judgment in accordance with the answer to a special interrogatory which conflicts with the general verdict simultaneously returned, and such action is particularly appropriate where the special interrogatory has substantial evidentiary support. However, there is no corresponding authority in the trial court to enter judgment upon a general verdict when it decides that the inconsistent finding of the special interrogatory is against the manifest weight of the evidence. Borries v. Z. Frank, Inc., supra, 266; Ill Rev Stats 1967, c 110, par 65. In the absence of an allegation in the plaintiff's post-trial motion that there was no substantial evidentiary support warranting a judgment on the general verdict notwithstanding the answer to the special interrogatory, the trial court found, without proper basis, as a matter of law, that the plaintiff was not guilty of contributory negligence, and erroneously granted relief to the plaintiff in excess of that prayed in her post-trial motion. Ill Rev Stats 1967, c 110, par 68.1(2). In addition, the trial court also found that the answer to the special interrogatory was contrary to the manifest weight of the evidence, as contended by the plaintiff. We concur in this finding.

The defendant testified that she stopped at the intersection, in the far left traffic lane of Sixth Street; that she put on her turn signal to indicate a left turn onto Fifth Avenue; that the sun was shining in her eyes; that she proceeded to make her left turn at about two miles per hour; that she did not see the plaintiff until

she was about two or three feet from her; and that she applied her brakes but struck the plaintiff. The plaintiff was approximately halfway across Fifth Avenue and was within the crosswalk when the defendant's car struck her. It appears from the defendant's testimony that she believed that her vision was obstructed by the sun which was shining in her eyes.

The plaintiff testified that she looked in all directions before she started to cross Fifth Avenue, and did not think that the defendant's car was then at the intersection; that when she was nearly halfway across, she saw a car approaching on Fifth Avenue from the east, but knew that it would stop, and continued to walk; and that she then turned and saw the defendant's car for the first time when it was right beside her. When we consider that the plaintiff had walked about halfway across the avenue when she was struck, it seems highly probable that she had looked carefully in all directions, and that the defendant's car was not then at the crossing. In the light of her testimony that she had been looking to her right, as a car approached from this direction in the west-bound traffic lane which she was about to cross, it was natural that her attention was then directed there, rather than toward a car which was turning from an intersecting street.

██ The plaintiff is aided by the fact that, while crossing within the marked crosswalk, she had the right to assume that the automobiles which were being driven on the street would be driven with reasonable care so that they would not collide with her. Rees v. Spillane, 341 Ill App 647, 656, 94 NE2d 686 (1950); Ill Rev Stats 1967, c 95½, pars 171(c), 167. The defendant suggests that because the sun was shining in her face and its rays were apparently reflecting off the snow and the wet street, she did not see the plaintiff. However, under such circumstances, she should have ex-

ercised considerable caution in driving over a crosswalk where pedestrians might reasonably be walking. Duffy v. Cortesi, 2 Ill2d 511, 518–520, 119 NE2d 241 (1954).

We are of the opinion that the trial court was correct in finding that the answer to the special interrogatory was contrary to the manifest weight of the evidence, and we believe the trial court should have ordered a new trial under the circumstances. Borries v. Z. Frank, Inc., supra, 265, 266; Freeman v. Chicago Transit Authority, supra, 106. The trial court denied the plaintiff's conditional motion for a new trial, and that determination is properly before us on this appeal. Ill Rev Stats 1967, c 110, par 68.1(6).

■ We are not unmindful that in Freeman the Supreme Court held that it was proper for the trial court to order a new trial under similar circumstances even though no such relief was sought in the post-trial motion, and that the trial court could order such relief on its own motion. By analogy, it could be argued in the case at bar, that the trial court could, on its own motion, under the standards of Pedrick, enter judgment notwithstanding the answer to the special interrogatory. However, in this case, we believe that the trial court purported to act on the motion before it, and not on its own motion, and that the relief which may be granted upon review under these circumstances, is limited to the errors specified in the post-trial motions of the plaintiff and the defendant, as provided in section 68.1(2) of the Civil Practice Act.

For the reasons stated herein, the cause is reversed and remanded for a new trial.

Reversed and remanded with directions.

MORAN, P. J. and ABRAHAMSON, J., concur.