**Sectoria Madison, a Minor, by Abbie Madison, Her Mother and Next Friend, Plaintiff-Appellee, v. Jacob Reuben, Defendant-Appellant.**

**Gen. No. 53,457.**

First District, Third Division.

July 16, 1970.

Rehearing denied September 17, 1970.

Earl B. Lichten, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Arnold and Kadjan, of Chicago (Daniel N. Kadjan, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

Sectoria Madison, a minor, by Abbie Madison, her mother and next friend, sued the defendant, as owner-lessor of the building in which she and her family resided, for injuries sustained in a fall from a window in the building. Jury being waived, the case was tried by the court who found for plaintiff and entered judgment in the sum of $15,000. Defendant on appeal contends that his post-trial motion for judgment in his favor should have been allowed or his motion for a new trial granted. He contends that no act or omission of his was the proximate cause of plaintiff's injuries; that plaintiff was guilty of contributory negligence as a matter of law, and that the finding and judgment are against the manifest weight of the evidence. In addition he makes other minor charges which will be later considered.

On July 29, 1965, plaintiff Sectoria Madison, then ten years old, resided with her family in a third-floor apartment at 1962 South Hamlin Avenue in the City of Chicago. The building was a three-story structure, with one other apartment on the third floor. That apartment was unoccupied at that time because of damage by fire nineteen days earlier. Both apartments were served by a common front stairway. That portion of the stairway which ran from the second to the third floor consisted of two sections of equal length separated by a landing. A large window, the sill of which was nineteen inches above the floor of the landing, overlooked Hamlin Avenue. In the late afternoon of the day mentioned, plaintiff was severely injured when she fell to the ground through the window opening. As the issues in-

volved are largely factual, we will summarize the testimony.

Plaintiff testified that on the afternoon in question she was playing with her brother in their apartment when she heard a baby crying and started downstairs to investigate. As she descended the front stairs, an empty potato chip bag lying on the steps became tangled on her foot. She stopped on the landing and tried to kick it from her shoe. Being unsuccessful, she sat on the windowsill and tried to remove the bag with her hand. The two panes of glass and upper and lower sashes of the window had been missing since a fire nineteen days earlier in the third-floor apartment which had been occupied by a neighbor. As plaintiff worked to free her shoe of the bag, she fell backward through the empty window. The staircase was littered with candy papers and other debris left when the fire was extinguished. Plaintiff remembered only one occasion on which the janitor had swept the stairs.

Plaintiff's mother testified that approximately two weeks before her daughter was injured, there was a fire in the third-floor apartment before mentioned. She testified that while the firemen were working to extinguish the blaze, they broke both of the windowpanes and the upper and lower sashes of the window in question and scattered debris in the hallway. She further testified that the window had not been repaired, nor had the debris been cleaned up at the time of her daughter's injury. She did not see the plaintiff at the time the injury occurred.

Davies Gardner testified that on the day in question she was standing across the street from the front entrance to the building at 1962 South Hamlin Avenue. She was talking with a friend, when she noticed the plaintiff sitting on the ledge of the window at the second-floor landing. She observed that plaintiff was leaning against the window frame with her legs crossed over

the sill. About five minutes later she saw the plaintiff falling out of the window. On cross-examination, the witness admitted that she was not employed and that she was a resident of the building involved. She was not a resident at the time the plaintiff was injured.

Otis Keith, the janitor and handyman of the building in question at the time of the occurrence, testified that he swept the hallways at least once a week, that at the time of the occurrence there was no loose plaster on the stairway and that following the fire, the hallway had been cleaned of debris. He denied that the firemen had knocked out the window on the landing and testified that on the day before the accident the window was in place and was nailed shut. On the day following the accident he noticed that the window was missing. He further testified that he had asked plaintiff's mother to stop the plaintiff from sitting on the windowsill. One Davidson, the janitor's helper, testified that he cleaned the premises three times a week and that the window was in place on the day before the accident.

■ We will consider first the defendant's contention that the trial court's findings and judgment are against the manifest weight of the evidence. While some conflict appears in the evidence, the trial court found the testimony of Davies Gardner, the eyewitness to the accident, totally unworthy of belief and noted that Otis Keith's testimony was not entirely consistent. On the other hand, he considered the plaintiff to be a very intelligent young woman who was forthright in her testimony. There is no merit in the defendant's contention that the finding of the court was against the manifest weight of the evidence.

■ ■ We proceed to consider defendant's contention that no act or omission of his was the proximate cause of plaintiff's injury. The Illinois Pattern Jury Instructions define proximate cause as "that cause which, in natural or probable sequence, produced the injury

complained of." IPI No. 15.01. The difficulty of subjecting the causal relationship to precise logical analysis has been the subject of judicial comment. See, Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74; Ostergard v. Frisch, 333 Ill App 359, 77 NE2d 537. In Ney the court held that a question of proximate cause is ordinarily one for a jury to decide and should not be determined as a matter of law when composed of such qualities as to cause reasonable men to reach different results.

In addition to the evidence hereinbefore set forth, a photograph (Defendant's Exhibit No. 7) of the window in question with the sashes and windowpanes in place was admitted. It shows the windowsill nineteen inches above the floor of the landing and approximately seven inches wide. The sash appears to be of sturdy construction and mounted in the window frame in such a way that it cannot be said plaintiff would have been injured had they been in place at the time of the accident. The trial judge found that if the sash had been in place as it appeared in the photograph, "she [plaintiff] never could have fallen out the window." Whether defendant's failure to install the necessary sash and windowpanes was the proximate cause of plaintiff's injury was an issue on which reasonable men could differ. It was, therefore, properly one for the trier of fact to decide.

The cases cited by the defendant to support his position with respect to proximate cause are not persuasive. We will consider three which are in some aspects related to the case at bar. In each of these cases the plaintiff fell through a screen. In Crawford v. Orner & Shayne, Inc., 331 Ill App 568, 73 NE2d 615, the plaintiff, a three-year-old whose parents were tenants in a building owned by the defendant, fell through a window which was alleged to have been fitted with a defective screen. At the close of the plaintiff's case in chief a verdict was directed for the defendant. On appeal, the

Appellate Court held that since it was not the purpose of window screens to prevent persons from falling out of windows, liability could not be imposed, since the plaintiff's injury was not the result of the defendant's failure to perform any duty owed her. Gasquoine v. Bornstein, 10 Ill App2d 423, 135 NE2d 121, was an action brought on behalf of a seventeen-month-old child against the landlord of the building in which he and his family resided. The plaintiff sought to recover for personal injuries sustained when a window screen against which he was leaning gave way and caused him to fall to the ground. The court adopted the holding of the court in Crawford, supra, finding the defendant not guilty and distinguished a number of cases in other jurisdictions which were cited by the plaintiff. In Rogers v. Sins, 349 Ill App 353, 110 NE2d 643, the plaintiff, a two- and a half-year-old child, brought an action by his next friend against the landlord of the building in which he and his family resided for personal injuries suffered when a window screen gave way, causing the plaintiff to fall to the ground. The window involved was located in a common hallway, whereas in Crawford and Gasquoine the window was part of the demised premises. The defendant in the Rogers case was charged with negligence in permitting the screen to become loose. The trial court entered judgment on the verdict for the plaintiff. On appeal the Appellate Court held that the defendant did not have a duty to furnish screens which could not be pushed out by a child.

■ ■ The windowsill on which the plaintiff in the instant case seated herself was located at a landing in a stairway which joined the second and third floors of the building. It served the two apartments on the third floor. It was clearly a common area over which defendant had retained control even though a fire had forced the tenants in the other third-floor apartment to vacate the premises nineteen days before plaintiff was

17

injured. Murphy v. Illinois State Trust Co., 375 Ill 310, 31 NE2d 305; Fowler v. Crilly, 187 Ill App 399; Rosseu v. Goodridge, 185 Ill App 164; Cwiklik v. Hrejsa, 167 Ill App 268; Fenno v. Cullen, 162 Ill App 283. Whether defendant breached a duty owed to the plaintiff is ordinarily a question of fact which should be decided by the trier of fact. Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d·74.

■■ Defendant also contends that the plaintiff is guilty of contributory negligence as a matter of law. He argues that since the court described the plaintiff as a very intelligent young woman, her decision to sit on the windowsill must be deemed to have been negligence as a matter of law. At the time plaintiff was injured she was ten years old and was required to exercise that measure of care for her own safety which a reasonably careful person of the same age, intelligence, capacity and experience would exercise under the same or similar circumstances. Hartnett v. Boston Store of Chicago, 265 Ill 331, 106 NE 837; Wegler v. Luebke, 87 Ill App2d 82, 231 NE2d 109; Wolf v. Budzyn, 305 Ill App 603, 27 NE2d 571; Pence v. Hines, 221 Ill App 584. Whether plaintiff exercised due care for her own safety was for the trier of fact to decide. Dickeson v. Baltimore & O. C. T. R. Co., 42 Ill2d 103, 245 NE2d 762; Maskaliunas v. Chicago & W. I. R. Co., 318 Ill 142, 149 NE 23. The judgment of the trial court is supported by ample evidence.

■■ Defendant argues that he was unduly restricted in his cross-examination of two witnesses for the plaintiff and that the trial judge was not fair and impartial because he admonished one of the defendant's witnesses not to repeat counsel's questions before giving his answers and because he "did not believe anything" that another witness said. As there was no jury in this case and the judge was the trier of fact, a greater

latitude may properly be allowed for the comments a judge may make in the course of a trial. Moreover, his comment with respect to his disbelief of the testimony of one of the witnesses was properly made at the close of the case. We find no reversible error and the judgment is accordingly affirmed.

Judgment affirmed.

DEMPSEY, P. J. and McNAMARA, J., concur.