Lori Zygadlo, a minor, by Rose Zygadlo, Her Mother and Next Friend, Plaintiff-Appellant, *v.* Martin McCarthy, Jr., Defendant-Appellee.

(No. 58826;

First District (3rd Division)—January 31, 1974.

Harry S. Posner and Fred S. Posner, both of Chicago, for appellant.

Hubbard, Hubbard, O'Brien & Hall, of Chicago (Alvin G. Hubbard, Frederick W. Temple, and Paul Kaulas, of counsel), for appellee.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from the trial court's allowance of defendant's motion for judgment consistent with the answer to a special interrogatory submitted to the jury. Plaintiff, Lori Zygadlo, by her mother and next friend Rose Zygadlo, filed this action in the circuit court of Cook County seeking damages for injuries sustained while riding her bicycle as a result of being struck by an automobile driven by defendant, Martin McCarthy, Jr. At the close of all the evidence, the court reserved its decision on plaintiff's motion for a directed verdict on the issue of liability, but, over plaintiff's objection, it did grant defendant's request to submit a special interrogatory to the jury. The interrogatory was as follows:

"Was LORI ZYGADLO at the time of and immediately prior to the occurrence guilty of negligence which was the proximate cause of her injuries?"

The interrogatory was answered "Yes," but it was accompanied by a general verdict for the plaintiff and an award of damages in the amount of $6,000. The court's response to the inconsistency was to enter judgment for defendant. Plaintiff appeals, contending that the court erred

in failing to direct a verdict in her favor and in entering judgment consistent with the special finding of fact.

At approximately 5:45 P.M. on October 14, 1968, plaintiff, then nine years old, was riding a friend on her bicycle on a sidewalk near her home. The bicycle was equipped with a very long seat, called a banana seat, and a sissy bar. She was riding south down the middle of a sidewalk running along Wood Street in the city of Chicago. An apartment building and garage stretched out on her right, ending at a paved cement alley. Plaintiff testified that she approached the alley in a normal fashion, "[n]ot real fast, and not real slow," and experienced no difficulty in steering the bicycle. Before entering the alley, she veered a little bit to her right toward the garage to lessen the impact of the ally curb, and looked first to her left and then to her right to see if any cars were in the vicinity. Not seeing any cars, she entered the alley cross-walk. After she had reached approximately the half-way point, at a spot where the sidewalk would have been had it continued across the alley, she again looked to her left and saw the headlights of a car turning into the alley. She estimated the lights to be about one and a half feet from her when she first noticed them. No horn had sounded. Plaintiff remarked to her passenger that she thought they would "make it," but the car struck the front of her bicycle and the girls fell to the ground. Plaintiff suffered a fractured right leg.

Defendant, called as an adverse witness under section 60 of the Civil Practice Act, testified that he was driving south on Wood Street immediately prior to this incident. Although dusk was settling and his car headlights were on, it had not yet become so dark that all the cars were using their headlights. Defendant also testified that the conditions outside did not prevent his seeing the girls. The heavy traffic on Wood Street prompted him to make a right turn into the alley. Defendant made his turn without stopping or sounding his horn. He was traveling at five to ten miles per hour. He further testified that he at no time looked to his right before turning into the alley, although admitting that such a precaution would have disclosed plaintiff on her bicycle. Defendant estimated the distance from the street curb to the far edge of the sidewalk to be approximately fifteen feet. He also stated that plaintiff passed in front of a car parked in the driveway of the garage adjacent to the alley.

■■ We initially hold that the trial court correctly refused to direct a verdict in plaintiff's favor at the close of all the evidence. Although substantial evidence was presented regarding defendant's negligent operation of his vehicle, nevertheless the issue of his negligence was a factual question, and we are unable to say that the evidence was so

compelling as to satisfy the standards set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill.2d 494, 229 N.E.2d 504. The trial court properly submitted the question of defendant's negligence to the jury.

■■■ Plaintiff also argues that the trial court erred in entering judgment consistent with the special finding of fact rather than entering judgment in accordance with the general verdict. Where the answer to a special interrogatory is inconsistent with the general verdict, the law in Illinois requires that the special finding of fact controls the general verdict. (Ill. Rev. Stat. 1967, ch. 110, par. 65.) However, the rule has no applicability if the special interrogatory and answer are not supported by substantial evidence or if the determination is contrary to the manifest weight of the evidence. (*Freeman v. Chicago Transit Authority* (1965), 33 Ill.2d 103, 210 N.E.2d 191.) And all reasonable presumptions will be entertained in favor of a general verdict, not a special finding of fact. (*Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150 N.E. 276.) It therefore is necessary to analyze the evidence to determine if it supported the special finding of fact that plaintiff was guilty of contributory negligence. In so doing, this court is mindful that it is dealing with the conduct of a child between the ages of seven and fourteen years. In such a case, the actions of the child must be judged in the context of the same or similar actions by reasonably careful and cautious children of like age, mental capacity, intelligence, and experience. *Madison v. Reuben* (1970), 128 Ill.App.2d 11, 262 N.E.2d 794.

■■ Our review of the record demonstrates an exceedingly high degree of care exercised by plaintiff. She rode her bicycle down the middle of the sidewalk in a normal manner. She did not ride fast, and she looked both ways before entering the alley. Defendant's vehicle struck plaintiff at a point in the alley where the sidewalk would have been had it extended across the alley. Defendant's testimony that plaintiff passed a car parked in front of a garage does not appear to have any bearing on plaintiff's standard of care. The relevance of the parked car becomes even more dubious when we note defendant's testimony that he never looked right before turning into the alley, and that after he made his turn, he was looking "away from the direction from which the girls were coming." In the present case the special interrogatory and answer were not supported by substantial evidence. Indeed, as a matter of law, plaintiff was not guilty of contributory negligence. (See *Galatzer v. Schwartz* (1960), 26 Ill.App.2d 398, 168 N.E.2d 451 (abstract decision).) Thus the trial court erred in entering judgment consistent with the special finding of fact, and in not entering judgment on the general verdict.

The correctness of our view is apparently supported by the position defendant takes in this court. To support his contention that a factual

issue existed concerning plaintiff's contributory negligence, defendant has presented to us two contrived arguments not even made in the trial court. He contends in his brief that plaintiff violated two city ordinances in the manner she rode her bicycle. The first violation deals with the alleged absence of a light on plaintiff's bicycle (Mun. Code of Chicago, sec. 27—301(a)), while the second concerns plaintiff's allegedly unlawful carrying of a passenger. Mun. Code of Chicago, sec. 27—302(b).

■■ These ordinances were not pleaded or even mentioned in the trial court. They were not submitted as instructions to the jury. More importantly, they have no foundation in the evidence. The record is absolutely devoid of any evidence as to whether or not plaintiff's bicycle's light was operating at the time of the occurrence. The ordinance concerning passengers is not applicable in the present case because it merely prohibits the carrying of more passengers than the bicycle is designed and equipped to carry. The bicycle involved here was equipped with the long banana seat and sissy bar, and was obviously designed to carry a second passenger. Although plaintiff's mother testified that she cautioned all her children not to have passengers on their bicycles, that testimony did not demonstrate a violation of the ordinance or of negligence on the part of plaintiff.

■■ Plaintiff has requested that we reinstate the general verdict or remand the cause for a new trial on the issue of damages only. It has been held that where a special interrogatory which is against the manifest weight of the evidence is submitted to the jury and results in an answer inconsistent with a simultaneous general verdict, the appropriate relief is to reverse the special finding of fact and remand the cause for a new trial. (*Borries v. Z. Frank, Inc.* (1967), 37 Ill.2d 263, 226 N.E.2d 16.) Yet this court has recently expressed the view that it would be proper to set aside the answer to the interrogatoy and enter judgment on the general verdict notwithstanding the special answer in those cases in which all of the evidence, "when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the party presenting the special interrogatory that no contrary answer to the interrogatory could ever stand." (*Kirby v. Swedberg* (1969), 117 Ill.App.2d 217, 221, 253 N.E.2d 699.) We believe that the facts in the present case clearly indicate that a finding of contributory negligence would never stand, and therefore we order that judgment be entered on the general verdict. Moreover, plaintiff's recovery from her injury appears to be good. The special damages amounted to $515. While the doctor testified that she would have a permanent scar on her leg and that the leg would be somewhat susceptible to irritation and injury, he also stated that plaintiff was progressing normally.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded with directions to set aside the special finding of fact and to enter judgment on the general verdict in favor of plaintiff for $6,000.

Judgment reversed and remanded with directions.

DEMPSEY and MEJDA, JJ., concur.