CORNELIUS WALLS, a Minor, by Carolyn Walls, his Mother and Next Friend, Plaintiffs-Appellants, *v.* MARIE E. HOFBAUER, Defendant-Appellee.

First District (3rd Division)   No. 61844

Opinion filed January 19, 1977.

Sheldon Hodes, of Chicago, for appellants.

Dale L. Schlafer, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Cornelius Walls, an eight-year-old boy, was injured by an automobile while walking in a crosswalk at the corner of Normal Avenue and 79th Street, Chicago. A jury found the driver of the automobile at fault and awarded the boy $3,600 in damages. However, in an answer to a special interrogatory, the jury said he was guilty of contributory negligence. Since this special finding of fact was inconsistent with the general verdict the trial court, in accordance with section 65 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 65), set aside the verdict and entered judgment for the driver. The boy's appeal centers on the propriety of the special interrogatory.

The accident happened about 3:30 in the afternoon as the boy, a third-grade student, was going to the store for his mother. He walked south on the west side of Normal Avenue to the intersection of 79th Street, stopped at the 79th Street curb and looked both ways for oncoming traffic. He saw an automobile coming from the east but as it was a considerable distance away (east of Normal Avenue) he entered 79th Street. While he was walking in the crosswalk of Normal Avenue he was struck by the auto and thrown into the air. He landed, he said, on the ground "looking up in the sky." The motorist, the defendant Marie Hofbauer, stopped her westbound auto at once. An unidentified man placed the boy in her car and she drove him to a hospital where he was kept for five days.

Mrs. Hofbauer testified that she first saw the boy when she was about 80 feet east of Normal Avenue. She was traveling west in the lane next to the center line of 79th Street at 20 miles an hour and he was standing in 79th Street next to the north curb looking in her direction. She reduced her

speed and crossed Normal Avenue. She said he was still standing in the same position until he was out of her vision. She assumed her car was going two or three miles an hour when she felt an impact on its right side. She stopped immediately and saw the boy lying in the street between the car's right front bumper and the front door.

A police officer inspected the scene of the accident and Mrs. Hofbauer's car. From his examination of the debris on 79th Street he concluded that the impact occurred on the crosswalk in the inner, westbound lane of the four-lane, two-way street, some 12 to 15 feet from the north curb. From his examination of brush marks on the car he determined that the point of contact was at the front of the car near the right side.

The disputed interrogatory asked:

> "Did the plaintiff immediately before and at the time of the occurrence in question fail to exercise ordinary care for his own safety and thereby proximately contribute to cause the injury to himself?"

At the conference on instructions the plaintiff's attorney protested the giving of this interrogatory on the ground that "it could be misleading." His explanation for the objection (as it appears in the record) was ambiguous but, apparently, it was that the interrogatory did not include references to the plaintiff's age, experience and education. The trial court pointed to an instruction that was to be given and overruled the objection. This instruction stated:

> "A minor is not held to the same standard of conduct as an adult. When I use the words 'ordinary care' with respect to the plaintiff, I mean that degree of care which a reasonably careful minor child of the age, mental capacity and experience of the plaintiff would use under circumstances similar to those shown by the evidence. The law does not say how such a minor child would act under those circumstances. That is for you to decide."

On appeal the plaintiff's attorney expands his objections to the interrogatory. He argues (1), that the issue of contributory negligence should not have been submitted to the jury because the evidence overwhelmingly favored the plaintiff, and (2), that the interrogatory was deficient in that it did not state that minors 7 to 14 years of age are presumed to be free of contributory negligence.

The first of these objections is the equivalent to saying that Mrs. Hofbauer's negligence was established as a matter of law. The objection is predicated partially on the evidence and partially on the statute which gave the right-of-way to pedestrians in crosswalks:

> "When traffic control signals are not in place or not in operation the driver of a vehicle shall yield the right-of-way, slowing down or stopping if need be to so yield, to a pedestrian crossing the

roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling * * *." Ill. Rev. Stat. 1969, ch. 95½, par. 171(a).

■■ Since the plaintiff was crossing 79th Street in a designated crosswalk at an intersection uncontrolled by traffic signals there is merit to his contention that, after observing Mrs. Hofbauer's auto so far away, he had the right to continue crossing the street under the belief that she would yield the right-of-way to him. (*Roberts v. Cipfl* (1942), 313 Ill. App. 373, 40 N.E.2d 629; 28 Ill. L. & Prac. *Negligence* §124, at 114 (1957).) However, the plaintiff had made no motion for a directed verdict and, as we have mentioned, no similar objection at the conference on instructions. The first of the plaintiff's two objections, therefore, was not presented to the trial judge up to the time he was required by section 65 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 65) to submit the special interrogatory to the jury.

Inasmuch as the objection was not timely presented to the trial court, it is not properly before us. It is, however, tantamount to a contention that we can consider: that the answer to the special interrogatory was against the manifest weight of the evidence. A special interrogatory prevails over a general verdict. (Ill. Rev. Stat. 1973, ch. 110, par. 65.) However, if the answer to the interrogatory is not supported by substantial evidence or is contrary to the manifest weight of the evidence it can be set aside. (*Zygadlo v. McCarthy* (1974), 17 Ill. App. 3d 454, 308 N.E.2d 167.) All reasonable presumptions are entertained in favor of general verdicts and not in aid of special findings of fact. *Wicks v. Cuneo-Henneberry Co.* (1925), 319 Ill. 344, 150 N.E. 276.

■■ As indicated by its general verdict, the jury determined that the evidence preponderated in the plaintiff's favor; it believed that the accident was caused by Mrs. Hofbauer's negligence. In answering the special interrogatory as it did the jury must have concluded that despite the duty owed to him by the motorist, the plaintiff, having seen the approaching auto and not looking again in its direction, exposed himself to danger by walking into its path. In determining the reasonableness of his behavior it must be borne in mind that the plaintiff was but eight years of age and that his behavior must be judged in relation to the same or similar conduct by reasonably careful children of like age, experience and intelligence. *Madison v. Reuben* (1970), 128 Ill. App. 2d 11, 262 N.E.2d 794.

■■ A pedestrian does not have the right-of-way over all vehicles on the street under any and all circumstances, but when in a crosswalk he does have the right-of-way, and a motorist approaching a pedestrian in a crosswalk which is uncontrolled by traffic signals must slow down or stop if need be to yield to him.

After a careful examination of the evidence it is our opinion that it was Mrs. Hofbauer's statutory duty to stop her car in order to avoid the possibility of striking the plaintiff. We have also concluded that it was physically impossible for him to have walked, as she said he did, into the right front fender of her car. She testified that he stayed at the edge of the northwest curb until he was out of her view. Her normal range of vision to the right, including her peripheral view, would have encompassed the right front quarter of the car ending in a line perpendicular to the front door. Consequently, if she watched the boy until he was out of sight, the right front door would have been positioned even with his location or slightly in front of him. She also testified that the collision took place immediately after he was out of her view and while she was traveling in the westbound traffic lane closest to the center line at two or three miles an hour. In order for this to have occurred the plaintiff would have had to cross the first lane which was at least 10 feet wide and run diagonally into her right front fender which was already past him. The evidence taken as a whole supports the plaintiff's contention that he was in front of her car and that the defendant was negligent in not stopping; it does not support the defendant's contention that the plaintiff negligently walked into the right side of her car.

■■ The answer to the special interrogatory was against the manifest weight of the evidence and it will be set aside. Inasmuch as this finding is dispositive of the plaintiff's appeal, we will not consider his second contention.

■■ Plaintiff has requested that we reinstate the general verdict or remand the cause for a new trial on the issue of damages only, or in the alternative, remand as to all issues. Generally, where a special interrogatory which is against the manifest weight of the evidence is submitted to the jury and results in an answer inconsistent with a simultaneous general verdict, the appropriate relief is to reverse the special finding of fact and remand the cause for a new trial. (*Borries v. Z. Frank, Inc.* (1967), 37 Ill. 2d 263, 226 N.E.2d 16.) However, we have held that it would be proper to set aside the answer to the interrogatory and enter judgment on the general verdict notwithstanding the special answer in those cases in which all of the evidence, "when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the party presenting the special interrogatory that no contrary answer to the interrogatory based on that evidence could ever stand." (*Kirby v. Swedberg* (1969), 117 Ill. App. 2d 217, 221, 253 N.E.2d 690; *Zygadlo v. McCarthy* (1974), 17 Ill. App. 3d 454, 308 N.E.2d 167.) In our view, the facts in the present case indicate that a finding of contributory negligence would never stand, and therefore we believe that judgment should be entered on the general verdict.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, the special finding of fact is set aside, and the judgment on the general verdict in favor of plaintiff for $3,600 is reinstated.

Judgment reversed.

MEJDA and McGILLICUDDY, JJ., concur.